WILLIAM WARD AND JAMES DWYER v. DETROIT, MACKINAC & MARQUETTE RAILROAD COMPANY AND MARQUETTE & WESTERN RAILROAD COMPANY.

[See 62 Mich. page 29.]

This case is ruled by the preceding one, found on page 29, and the remarks there made apply equally here.

Appeal from Marquette. (Grant, J.)  Argued February 3 and 4, 1886.  Decided June 24, 1886.

Bill for perpetual injunction, etc.  Complainants appeal. Decree reversed, and case remanded for further proceedings.

*William P. Healy* (*Isaac Marston* and *John Atkinson,* of counsel), for complainants.

---

[1] See concurring opinion of CAMPBELL, C. J., page 47.

*Ball & Hanscom*, for defendants.

SHERWOOD, J.   The complainants in this case own business property in the north-east corner of block No. 2 of Cleveland Iron Mining Company's subdivision of the city of Marquette; the same fronting on Front and Superior streets, in said city, and which is greatly injured in its use and value by the defendants' construction of their tracks, and running of cars thereon, in such close proximity to their buildings as to seriously obstruct the street, and thereby make dangerous and impair the business carried on in their stores; the cars running within eight feet of the sidewalk in front of the same.

This case presents the same legal questions substantially as were decided in the case of *Riedinger v. Marquette & W. E. R. Co.*, *ante*, 29, and the injuries complained of and threatened are precisely the same, except that in this case they are confined to the unlawful obstruction of the street, and the excessive use made of the tracks, by the defendants, in front of complainants' stores.   Both cases were argued together before us, and the result will be the same as that arrived at in the other case.

The decree will be reversed, with costs of both courts, and the same order entered as in the other case.

The other Justices concurred.

CAMPBELL, C. J.   I agree in the result reached by my Brother Sherwood, but I do not think it necessary, in deciding these cases, to go beyond the necessities of the records, and dispose of questions in which persons not represented here may be interested.

This controversy only affects the rights of certain lot-owners upon a single street and its immediate approaches. Riedinger is interested, both as subject to a burden upon his lot itself, and as a bordering owner.   The other complainants are interested only as owners of land upon the highways.

The bill in each case recognizes the legality of the occupation by the old railroad proprietors of the land over which

their road ran, subject to the uses and in the manner appropriate and usual in that occupation before the present defendants obtained their interests.   That occupation had continued so long as to preclude complainants from setting up any right in equity to have it disturbed.   Whether it was or was not in complete correspondence with the theoretical and strictly legal rights of the owners had ceased to be important.   It could not be disturbed after such long acquiescence, and it would include any such natural and direct increase of use as would spring from the mere development of the same business.   But it would include nothing more; and, if any larger rights are to be set up, they must be founded on something else than long occupation.

I am satisfied that such right of way as was contemplated by the reservation in the plat in the streets was confined to such use as would harmonize with highway purposes, and was also intended for such principal uses as would subserve the mining interests which required a shipping port.   In the street in question the practical construction put upon it by the owners themselves confines them to this as the real object intended.   There could be no legal objection, and there was no objection made, to any accommodating use for persons or freight which did not seriously add to the burdens of the persons interested in the street, and no complaint is made in the bills in these cases of any use which was not substantially more burdensome than that which had been kept up.   On these records that must be recognized.

I think the condition or burden in Riedinger's deed—the precise legal name of which is not at all important—describes very clearly the nature of the burden on the street also, and allowed Riedinger any enjoyment of such passage over the track to his premises as would not interfere with the convenient use of the track, to which it must be subservient. The same is true of the street itself, which could not be made subject to any substantially different burden upon its use as a street.

The transfer to defendants made an entirely different franchise or easement from the old one.   Under the old use the primary purpose was not that of general common car-

riage. So far as that business was done, it was incidental to the proper uses, and could not, without encroachment, be allowed to become anything else. The intended use now has no limit of amount or method, and is substantially as great a change as if it were a new undertaking. The case shows that what was formerly a comparatively trifling invasion of the ordinary uses of property has become a use which predominates over everything else, and which very greatly damages the complainants' property, and makes its enjoyment much less available. The grievance comes within that class of mischiefs for which equity affords the plainest remedy. If there had been no previous use of the street by the railway, it would be hard to find a more serious invasion of right.

But the fact that there is a limited use, which is conceded to be valid, introduces a consideration not to be overlooked. Our statutes now provide for assessment of damages for the use of streets, where they are allowed by the proper authority to be occupied by railroads. There is no legal authority for allowing that occupation to destroy the highway. In the present case, the occupation for the new purposes is capable of appreciation ; and, in my opinion, the defendants, unless they compound with the lot-owners, should be compelled to have the right of way condemned and paid for within some reasonable time, or be perpetually enjoined from changing the old use, and compelled to respond for such damages as have already accrued.

I think the cases should be reversed, and the court below should be instructed to enter a decree for a perpetual injunction against the new uses, unless 'within some reasonable period, not exceeding six months, proper measures be taken to have the right of way over Riedinger's lot and in the street condemned. If the parties prefer, it can be done by a commission or jury ordered in these cases, and reporting the result to the Court, which, after the ascertainment in either way, can make such final disposition as may be necessary to meet all the equities.

CHAMPLIN, J., concurred.
62 MICH—4