HIGHWAY COMMISSIONER OF ECORSE TOWNSHIP *v.*
WABASH RAILROAD CO.

RAILROADS—CROSSING HIGHWAYS—YARDS—USE OF HIGHWAY.
  Section 6234, 2 Comp. Laws, subd. 5, as amended by Act No.
  266, Pub. Acts 1899, does not confer upon a railroad company
  the right to occupy with its yards, as distinguished from its
  main track and necessary sidings, any portion of a public
  highway without consent of the highway commissioner.

Appeal from Wayne; Rohnert, J.   Submitted April
11, 1907.   (Docket No. 61.)   Decided May 18, 1907.

Bill by Mathias Raupp, Jr., highway commissioner of
Ecorse township, against the Wabash Railroad Company
to enjoin the construction of certain tracks across a high-
way.   From a decree for complainant, defendant appeals.
Affirmed.

  *Bowen, Douglas, Whiting & Murfin*, for complain-
ant.

  *Rufus G. Lathrop* (*Alex. L. Smith*, of counsel), for
defendant.

BLAIR, J.   The material facts in this case are not in
dispute.   At the time of the commencement of the suit
the defendant was operating two of its main line tracks
and a siding across a highway in said township, known
as the "South Dearborn Road," running in a southeast-
erly direction.   The company had recently purchased a
large tract of land in the township of Ecorse for the pur-
pose of enlarging its Oakwood yard, which is its principal
yard in the city of Detroit, and had theretofore termi-
nated just east of said highway.   It was the intention of
defendant to extend its yard across the highway, and for
that purpose it had constructed 12 additional tracks on

each side thereof, and was about to connect these tracks when the highway commissioner filed this bill of complaint to enjoin the construction of such additional tracks across the highway. The superintendent of defendant's Detroit division testified:

"This yard is about a mile long. The South Dearborn road intersects it in the middle, just about. After our improvement is made, there will be a total of 15 tracks across the South Dearborn road—the 3 present tracks and 12 additional ones which we purpose to complete. One end of the yard will be for west-bound cars and the other for the east-bound."

The question presented by the pleadings and proofs is whether the right to construct these additional tracks, occupying about 200 feet of the highway, for yard purposes, is conferred by the fifth paragraph of section 6234, 2 Comp. Laws, as amended by Act No. 266, Pub. Acts 1899, without the consent of the highway commissioner. The circuit judge held that the statute did not confer such right, and entered a decree enjoining such construction, from which defendant appeals to this court.

We agree with the conclusion reached by the circuit judge. The authority conferred upon the corporation "to construct its road upon or across" a highway relates to its main line tracks and the necessary side tracks for purposes of transporting passengers and freight. The word "road" is used in this paragraph in the limited sense in which it is used in paragraph 4, as "not exceeding one hundred feet in width," and not in the general sense contended for by defendant, as including "the right to construct, not only the main line, but switches, sidings, turnouts, yards, depot buildings, roundhouses and other appendages, which are as necessary to the operation of a railroad as its main line." It is not necessary to construe the word "road" so broadly as claimed, since other paragraphs expressly provide for obtaining the necessary lands, franchises, appurtenances, and facilities for the proper operation of the road. We think it clear, from a consid-

eration of the provisions of the different paragraphs of the section in question, that it was not the intention of the legislature to confer upon railroad corporations the unrestrained power to make the public highways of the State a part of their extensive switching yards. The right of public travel over the street or highway is carefully preserved, and the railway corporation is required to restore it to its former state as near as may be, and is prohibited from obstructing it by cars or trains for more than five minutes at any one time, and the railroad commissioner is given authority to cause the removal of switches by the use of which "the use of the public highway 'or street is materially obstructed, impeded, or delayed." These provisions are inconsistent with the view that the word "road" was used in its most general signification, as argued by defendant's counsel.

The provisions of chapter 102 of the Compiled Laws of 1897 with reference to the separation of grades also support the view here expressed as to the sense in which the legislature used the word "road" in paragraph 5 of the section in question. See, also, section 31, Act No. 266, Pub. Acts 1899. The statute contemplates that ordinary street and highway crossings may be made by railway corporations without regard to the wishes of the public or its representatives, but that any other use of the highway for its tracks "shall be on such terms and conditions as shall be agreed upon between the railroad company and the common council of any city or the village board of any village or the commissioners of highway of any township in which the same may be." Whether the effect of this statute is to make the consent of the officials mentioned a condition precedent to the right to construct tracks in the streets and highways other than for crossing purposes (see *Fort St. Union Depot Co.* v. *State Railroad-Crossing Board*, 81 Mich. 248; *City of Monroe* v. *Railway* 143 Mich. 315), or whether the refusal of such authorities to consent may be reviewed by the courts, or the corporation may institute condemnation proceed-

ings, are questions which are not presented by this record, and we therefore decline to consider them.

The decree is affirmed, with costs to complainant, but without prejudice to such other proceedings for acquiring the right to extend its yard as defendant may lawfully take.

McALVAY, C. J., and CARPENTER, GRANT, and OSTRANDER, JJ., concurred.