HORTON v. GRAND RAPIDS & INDIANA RAILWAY CO.

1. EMINENT DOMAIN—RAILROADS—HIGHWAYS AND STREETS—INJUNCTION.

Where a city street railroad franchise for the occupancy of a street by a spur track provides that before the street shall be occupied by the tracks the claims and rights of abutting owners within the prescribed limits shall be adjusted either by agreement or by condemnation proceedings, the owner of abutting property on such street within the prescribed limits is entitled to an injunction against proceeding with the construction work until compensation is given or settlement made with him, although the railroad company does not contemplate extending its line to or past such owner's premises.

2. SAME.

> A railroad company has the right to proceed to condemn land for railroad purposes in a street under the eminent domain statute, independently of a city franchise.

3. SAME.

> Under 2 Comp. Laws, § 6234 (2 Comp. Laws 1915, § 8243), providing that a railroad shall not be constructed on a street until damages and compensation be made to abutting property owners, the owner of abutting property who has not received compensation is entitled to have construction work enjoined until he receives compensation, even though the railroad is not to be constructed in front of his premises.

4. SAME.

> Where the owners of a subdivision by deed reserved "the right to construct, or assign to others to construct, railways on any of said streets" such reservation should be construed as being limited to street railways, where, at the time the subdivision was platted, the rule that a street railway imposes no additional servitude was not well known and understood and appreciated by the profession and laity.

Appeal from Kent; Barton, J., presiding. Submitted January 5, 1917. (Docket No. 41.) Decided December 28, 1917.

Bill by Levi F. Horton and another against the Grand Rapids & Indiana Railway Company and another to enjoin the construction of a spur track on a street. From a decree for plaintiffs, defendants appeal. Affirmed.

*William J. Landman,* for plaintiffs.

*James H. Campbell* (*Elvert M. Davis,* of counsel), for defendants.

BIRD, J. In April, 1914, the defendants applied to and obtained a franchise from the city of Grand Rapids, permitting them to lay a spur track within the

city limits, a portion of which was through Cottage Grove street from Division street on the west to Eastern avenue on the east, upon the following condition:

"Without prejudice to the rights of owners of property abutting upon Cottage Grove Street, S. E., within the limits hereinbefore specified for compensation for occupancy of the northerly portion of said street for railroad purposes as provided for herein; and provided, further, that the condition of this grant is that before the said street shall be occupied for spur tracks as herein authorized, the claims and rights of property owners abutting upon said Cottage Grove street within the limits hereinbefore specified for compensation for occupancy of the northerly portion of said street as provided herein shall be adjusted either by mutual agreement or by the institution and carrying through to successful termination condemnation proceedings which shall settle and determine the amount of such damages respectively, and without such adjustment of damage claims and until the adjustment thereof, this ordinance shall not have practical effect."

The defendants accepted the terms of the franchise in writing, and in July, 1915, commenced to grade Cottage Grove street. The work of grading progressed until it reached as far east as Union street, when these plaintiffs filed their bill, praying for a permanent injunction, restraining any further work on Cottage Grove street until the conditions of the ordinance were complied with and a settlement made with them. A temporary injunction was granted. A demurrer was interposed, and several motions made to modify the injunction, but these were all overruled, and defendants then answered the bill and went to a hearing. At the conclusion of the hearing the temporary injunction was made permanent.

Plaintiffs' interest in the litigation arises out of the fact that they are owners of property situate on the south side of Cottage Grove street east of Union street. While no work has been done in front of their

premises, it is their contention under the ordinance they are entitled to have the work enjoined on the street until settlement is made with them.

Defendants insist, for various reasons, that it has a right to proceed with the work; one reason assigned being that plaintiffs are entitled to neither compensation nor relief, unless the track is constructed or intended to be constructed opposite plaintiffs' premises. Defendants, in the lower court and in this court, disavowed any intention, at this time, of extending the track in front of plaintiffs' premises or further east than Union street, and therefore they insist that plaintiffs are not entitled to the relief sought. We are unable to agree with counsel in this contention. The franchise sought by defendants and accepted by them, fairly construed, provides for compensation or settlement with the abutting property owners before any construction work is begun on the street. But counsel say they had a right to proceed under the statute to condemn the right of way independently of the franchise. This, undoubtedly, is true, but this would not relieve the obligation to compensate or settle with the abutting property owners in advance of construction work, as the statutory provisions impose the same obligation:

"Such railway shall not be constructed upon any public street, lane, alley, highway or private way until damages and compensation be made by the railroad company therefor to the owner or owners of property adjoining such street, lane, alley, highway, or private way, and opposite where such railroad is to be constructed, either by agreement between the railroad company and each owner or owners, or ascertain as herein prescribed for obtaining property or franchises for the purpose of its incorporation to be paid to the owner thereof, or deposited as hereinafter directed." 2 Comp. Laws, § 6234 (2 Comp. Laws 1915, § 8243).

It is evident that it was the intention of the legis-

lature in passing this statute to prohibit the work of construction until compensation or settlement was made with the abutting property owners. In other words, we think any abutting property owner who has not been compensated nor settled with has the right to insist that the work be enjoined, whether it is being done in front of his premises or elsewhere on the street. We think the statute contemplates that an abutting property owner may be affected by the construction of a steam railroad on his street, even if not constructed in front of or opposite his premises. It is therefore immaterial whether defendants were proceeding under the statute or franchise, its obligation was the same.

The further reason is given, namely, that the right to construct a railway in Cottage Grove street was reserved by the owners of the subdivision, and is expressed on the plat as follows:

"Reserving the right to construct, or assign to others to construct, railways on any of said streets"

—and that such reserved right has been duly assigned to defendants; the contention being that plaintiffs purchased their premises subject to such reservation, although no such reservation appears in their deed except by general reference to the plat. Plaintiffs reply that the word "railways" as used in the reservation should be construed as street railways instead of steam railways, and they cite the fact that upwards of 25 years ago a street railway was constructed on the subdivision. The only thing which seems to throw any light on the question as to whether *street* railways or *steam* railways was intended is the *locus in quo.* The street is a residence street. The construction of a street railway on a residence street is of frequent occurrence, and is consistent with its use, while the construction thereon of a steam railway is of infre-

quent occurrence and inconsistent with the general purposes for which it is dedicated and used. As opposed to this construction counsel suggest that the reservation was not intended to be confined to street railways, because the rule that a street railway is not an additional servitude on a street and does not entitle owners of abutting lands to compensation is settled in this State, and that by reason of this fact no reservation — only a city franchise — was necessary to construct a street railway. In a technical sense this is true, but it is also true that 30 years ago when this subdivision was platted the rule that a street railway imposes no additional servitude on the street was not as well known and understood by the profession and laity in this State as it has been in more recent years. By reason of this the suggestion is not as persuasive as it might otherwise have been. Inasmuch as the meaning of the reservation is in doubt, it should receive that construction which will make it more nearly conform to the general purposes of a residence street and be consistent with its use.

Other phases of the case are discussed, but we think them unimportant, in view of our construction of the franchise and statute.

The decree must be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.