WISHER v. PERE MARQUETTE RAILWAY CO.

1. RAILROADS—RIGHT TO BUILD TRACK IN STREET AFTER OBTAINING PERMISSION FROM CITY AND ADJOINING OWNERS.

Under 2 Comp. Laws 1915, § 8243, a railroad company after obtaining permission from the city and from abutting property owners was wholly within its legal right in building its track across the streets, but it has no right to construct an entirely new track, for the first time, upon any street without compensation to adjoining owners.

2. SAME—RIGHT TO MAINTAIN DISUSED TRACK WHICH HAS NEVER BEEN ABANDONED.

A railroad company which obtained the right and laid its track in city streets more than 30 years ago may maintain said track and put it in condition for use again, although it has not been used for many years, where it has never been abandoned.

3. SAME—EVIDENCE SHOWS REBUILT TRACK FOLLOWS ORIGINAL ROUTE.

On the disputed question as to whether the rebuilt track follows the route of the original one, which the railroad company obtained permission to build, the company's contention that it does, *held*, supported by a preponderance of the evidence.

4. EMINENT DOMAIN—ADJOINING PROPERTY OWNERS COMPENSATED ONCE FOR ALL FOR DAMAGES CAUSED BY BUILDING TRACK IN STREET.

Adjoining property owners who have once been compensated for damages to their property by the building of a railroad track in the street may not again claim damages when the track is put in condition for use after having been disused for many years, since the statute contemplates the awarding of damages once for all.

Appeal from Muskegon; Vanderwerp (John), J.

[1]Railroads, 33 Cyc. p. 259; [2]Id., 33 Cyc. p. 221; [3]Id., 33 Cyc. p. 227; [4]Eminent Domain, 20 C. J. § 450.

Submitted October 12, 1926.    (Docket No. 75.)    Decided December 8, 1926.

Bill by Frank J. Wisher and others against the Pere Marquette Railway Company to restrain the construction of railroad tracks.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*Willard J. Turner* and *James E. Sullivan* (*John G. Turner*, of counsel), for plaintiffs.

*Cross, Foote & Sessions*, for defendant.

SNOW, J.    The bill of complaint prays injunctive relief against the defendant by restraining the construction of a railroad track in the city of Muskegon across and along Beach street, and across Nelson and Dewey streets, which parallel it on the east.    Denied such relief by the trial court, plaintiffs bring the case here on appeal.

Defendant obtained permission to cross these streets from the city and also from the property owners abutting them at the points of the proposed crossings. But plaintiffs claim that defendant is without right to construct its railroad in and along Beach street without first having obtained consent of the plaintiffs, who are adjoining lot owners, or without having acquired the right by condemnation.    Defendant replied that what has been done in Beach street has been simply to recondition tracks which its predecessor had constructed some 40 years before in the same place.    That it had acquired by purchase and prescription a right to do this, and that therefore it should be permitted to proceed with the construction of its track as proposed.

Beach street is a public highway 66 feet wide, and extends from near a channel connecting Lakes Michigan and Muskegon, in a southerly direction along the shore of Lake Michigan, about three-fourths of a mile,

to what is known as Lake Michigan park.   Here it forms an obtuse angle and bears to the east and again to the south where it ends in Wilcox street.   It has recently been paved with concrete, and there is a cement sidewalk on the east side its entire length.   On this side of the street, too, are a number of summer cottages and homes facing Lake Michigan, about 10 rods away.   Back of these cottages to the east for a distance of about three-fourths of a mile there are sand dunes, and the land is rough and uneven.   The largest dune, called Pigeon hill, is close to Muskegon lake and is about 180 feet high.   The objectionable track has been placed in Beach street for a distance of from 400 to 600 feet.   Going northerly it then leaves the street, running beside it on the west, until near the channel, where it is proposed that it turn to the east and cross Beach, Nelson and Dewey streets at nearly right angles.

The trial court found that a railroad track was located along this same route more than 34 years ago, and that defendant's rights in the street "originally acquired from the highway commissioner of Laketon township on December 1, 1879, and under the agreement between its predecessor, Muskegon Lake Railway Company, and C. D. Nelson Company, have never ceased to exist."   Also that the Nelson Company at that time owned practically all the property on both sides of Beach street, and consented to the construction of the track and the occupancy of the street by defendant's predecessor.   The court also found that the track had at times been covered up with sand, but never abandoned; that defendant was simply attempting to repair it by putting in new ties and heavier rails, intending to continue it to Pigeon hill, from which it is to haul sand.   It was therefore held that defendant had a right to lay its track in and along the street without pay or permission, and to cross the streets with the consent which it had already obtained.

Plaintiffs claim that the judge was in error, both in his conclusions on the facts disclosed by the evidence, and in his conclusions of law. They claim the decree was contrary to law and equity. Section 8243, 2 Comp. Laws 1915, requires a railroad company to agree with the common council, in cities, upon the terms and conditions under which it may run its road upon a public street. It also provides that no railway shall be constructed upon any public street until damages and compensation be made to the owners of property adjoining. Two things appear in the instant case: It is established that, upon defendant's application, the city granted it the right to cross Beach, Nelson, and Dewey streets, and it is conceded that it laid its track for a distance of about 600 feet in Beach street without any payment whatever to adjoining landowners.

The defendant, by obtaining permission from the city and from abutting property owners, was wholly within its legal right in attempting to run its tracks across these streets. *Highway Commissioner of Ecorse Township* v. *Railway Co.*, 148 Mich. 436; *City of Flint* v. *Railway Co.*, 207 Mich. 213; *City of Mason* v. *Railway Co.*, 157 Mich. 1. But it had no right to construct an entirely new track, for the first time, upon Beach street, without compensation to the adjoining owners. *Riedinger* v. *Railroad Co.*, 62 Mich. 29; *Horton* v. *Railway Co.*, 199 Mich. 472; *Ward* v. *Railroad Co.*, 62 Mich. 46; *Nichols* v. *Railway Co.*, 87 Mich. 361 (16 L. R. A. 371); *Grand Rapids, etc., R. Co.* v. *Heisel*, 38 Mich. 62 (31 Am. Rep. 306); *Marquette, etc., R. Co.* v. *Longyear*, 133 Mich. 94.

Defendant recognizes this, but justifies its right to lay its track in and upon Beach street under claim of ownership, and because of the fact that more than 30 years ago it constructed its track in exactly the same place. It claims the track has been out of use for many years but never abandoned; that the drifting

sands have covered the ties and tracks, some of which farther north have been taken away; but that evidences of the old road have always appeared, and that what it has recently done and proposes to do is simply by way of reconditioning so that it may again be used to haul sand, which will result in the land back towards Muskegon lake being leveled off and to some extent made usable.   If these are the facts, defendant's right to maintain its track is clear.   See *Felton* v. *Wedthoff*, 185 Mich. 72; *Munroe* v. *Railway Co.*, 226 Mich. 158.

A review of the record is convincing of the truth of defendant's claim.   Most of plaintiffs' evidence is directed to the question of injury and damage to the adjoining property owners if trains are permitted to run along this street.   It is probable that a railroad track running between the cottages and the lake would be a damage and depreciate the value of the property. But this is not the question.   On the proposition of where the original road was and whether or not the present track covers the same route, while the evidence is in conflict, in our judgment it clearly preponderates in defendant's favor.

Everyone concedes the one-time existence of the old track, and the dispute as to whether or not a portion of it was within Beach street arises as much from a lack of knowledge of just where Beach street was as from inability to determine the exact location and course of the track.   The street is now paved, but, as we understand, the pavement has been put down since the laying of the tracks.

Convinced, from the record, that where defendant has now repaired its tracks in and along Beach street is on its own private right-of-way, acquired years ago, it is not required that it secure permission of the adjoining property owners, or pay them damages or compensation for the further or continued use of its road.   That the statute contemplates, once for all, the

awarding of damages where a railroad is constructed upon a highway, see *Keyser* v. *Railway Co.*, 142 Mich. 143.

The decree of the trial court is affirmed, with costs to appellants.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.