BAUDISTEL *v.* MICHIGAN CENTRAL RAILROAD CO.

MUNICIPAL CORPORATIONS—VACATION OF STREETS—NOTICE—JURIS-
DICTION.

> Act No. 353, Local Acts 1895, amendatory of the charter of the
> city of Jackson, which authorizes the vacation of any street
> or part of street, without application to the court, if all per-
> sons interested in the plat, or a "distinct part thereof," con-
> sent thereto, requires the consent of those persons only who
> have a legal right to compensation on the vacation of the
> street, and notice to others owning property on the plat is not
> essential to jurisdiction.

Appeal from Jackson; Lane, J., presiding. Submitted
June 18, 1897. Decided July 13, 1897.

Bill by William Baudistel and others to restrain the
Michigan Central Railroad Company from obstructing a
street. From a decree dismissing the bill on demurrer,
complainants appeal. Affirmed.

*Richard Price*, for complainants.

*William E. Ware* and *Parkinson & Campbell*, for
defendant.

MONTGOMERY, J. The common council of the city of
Jackson assumed to vacate that portion of Park avenue
in said city which crossed the tracks of the defendant.
This action was taken under the authority of that portion
of Act No. 353, Local Acts 1895, which authorizes the
vacation of any street or part of street without application
to the court, provided all persons interested in the plat, or
a *distinct part thereof*, shall file with the common coun-
cil their consent to its vacation. The situation of the
property, and the relation of the complainants to the sub-
ject-matter, may be seen by reference to the case of *Bau-
distel* v. *Recorder, etc., of City of Jackson*, 110 Mich. 357,

where a full statement of facts appears. After the determination of that case, the complainants filed a bill in chancery to restrain the defendant from further obstructing that portion of the old street which the council had assumed to vacate. To this bill defendant demurred, and complainants appeal from a decree sustaining the demurrer.

Complainants own no land adjacent to that portion of the highway discontinued, and own none in the same block, nor were the means of ingress and egress to the property of complainants cut off by closing the street. There can be no doubt, therefore, that the legislature might authorize a vacation of that portion of the street without either compensation or notice to complainants. *Buhl* v. *Depot Co.*, 98 Mich. 596, and cases cited. We think the true construction of the act of 1895 requires consent by those having a legal right to compensation on the vacation of the street, and that notice to others owning property on the plat is not essential to jurisdiction. Complainants have no such interest as entitles them to maintain this bill. Reliance is placed upon *Horton* v. *Williams*, 99 Mich. 423. The distinction between a street and an alley running through a block, on which the property of complainant abuts, is not only apparent, but was specially pointed out in that case. The present case is ruled by *Buhl* v. *Depot Co.* See, also, *Kimball* v. *Homan*, 74 Mich. 699.

Decree affirmed.

The other Justices concurred.