DETROIT & MACKINAC RAILWAY CO. *v.* SIOUX CITY SEED & NURSERY CO.

1. INJUNCTION — EMINENT DOMAIN — EQUITY — HIGHWAYS AND STREETS—VACATING BY MUNICIPAL CORPORATIONS.

In a suit by a railroad corporation to restrain defendant from interfering with complainant's occupancy of a street legally vacated by the city, and the construction of a depot on the property, the court was warranted in finding, on a cross-bill by defendant, that the inconvenience suffered by defendant was insufficient to authorize the court in restraining a necessary improvement beneficial to the public.

2. SAME — DAMAGES — JURISDICTION OF CHANCERY — ADEQUATE REMEDY AT LAW—TAKING PRIVATE PROPERTY.

If defendant suffered pecuniary damage by virtue of the closing of the street and rendering access to defendant's premises difficult or circuitous, it has a remedy at law for the damages which are readily ascertainable.

3. SAME—STATUTES.

2 Comp. Laws, § 6234, par. 5, requiring railroad corporations before constructing their railways on streets, etc., to pay compensation to adjacent owners that are injured, does not have application to the erection of a station.

4. SAME—INJUNCTION.

Defendant was not entitled to an order for an injunction to be issued in six months unless the railway company should institute proceedings to condemn defendant's rights, as such course would preserve to defendant no rights which it could not protect in an action against complainant.

Appeal from Alpena; Emerick, J. Submitted January 8, 1912. (Docket No. 10.) Decided March 12, 1912.

Bill by the Detroit & Mackinac Railway Company against the Sioux City Seed & Nursery Company for an injunction. Defendant filed a cross-bill praying for an injunction against complainant. From a decree for complainant, defendant appeals. Affirmed.

*Henry, Henry & Henry* (*James McNamara*, of counsel), for complainant.

*Joseph H. Cobb*, for defendant.

In the year 1887, the complainant railway extended its road through the city of Alpena. Its main line ran along Tenth street through said city. By reason of the growth of the city, which now has between 13,000 and 14,000 inhabitants, it lately became necessary for complainant to build a new and more commodious passenger depot. To this end complainant acquired certain lands on Tenth street from Fair avenue on the west to Lockwood street on the east. These lands covered five blocks from east to west and were in width about one block from north to south. While most of the land so acquired is located on the south side of Tenth street, a considerable portion thereof abuts on the north side of said street. To facilitate the erection of said depot and properly handle the traffic incident to its new location, application was made to the common council of the city for the closing of certain streets and alleys running through the depot grounds, among which was Tenth street, from Fair avenue to Lockwood street. The proceedings to close said streets and alleys were regular and resulted in the passage by the council, by unanimous vote, of a resolution vacating Tenth street for a distance of five blocks, except at the intersection of cross-streets, also Saginaw street for the distance of one-half of the block south of Tenth street. This resolution was passed March 21, 1910.

Defendant is the owner of a grain and produce warehouse located upon the northeasterly corner of Saginaw and Tenth streets, but its property extends from Saginaw street to Tawas street, an entire block along Tenth street. Between March and September, 1910, negotiations were had between complainant and defendant, looking to an adjustment of the damages claimed by defendant, by reason of complainant's acts. These negotiations proved abortive, and on September 8th complainant filed its bill

setting out the facts and averring that it was defendant's purpose to interfere with complainant in its contemplated use of said vacated streets and alleys. Complainant prayed that the defendant be enjoined from interfering with it in the prosecution of its project and its occupation of said vacated streets and alleys. Upon the filing of the bill, a temporary injunction was issued pursuant to the prayer therein contained. No motion to dissolve was made by defendant.

To the bill defendant filed an answer denying that it had any intention of interfering with complainant by the use of physical force, and by way of cross-bill averred that the acts of the city authorities in vacating said streets and alleys were illegal and void, as to said defendant's rights. It prayed that complainant be enjoined from taking possession of the vacated streets and alleys and from placing any buildings or obstructions thereon. The temporary injunction against defendant was continued until the cause was heard upon the merits. That hearing was had in April, 1911, and resulted in a decree dismissing both the bill and the cross-bill, but without prejudice to the maintenance by the defendant of a suit at law for the recovery of any and all damages sustained by it by reason of the operations of complainant. From this decree defendant appeals.

BROOKE, J. (*after stating the facts*). During the pendency of the cause, complainant proceeded with the erection of its new passenger depot, and the same has now been completed and stands squarely across Saginaw street where said street was closed by the action of the city authorities. Complainant has expended in the purchase of land and in the erection of this building upwards of $75,000. The learned circuit judge who heard the case held:

"That the closing of Tenth and Saginaw streets and the alley in block 7 will work no such serious loss or injury to defendant as to justify the interference of a court of equity

to restrain the completion of a great and much needed public improvement."

With this conclusion we quite agree.   It is apparent that defendant now has ingress and egress to its property by means of two streets—on the west, Saginaw street north of Tenth street, and on the east, Tawas street.   It is urged by defendant that access to its property by way of Saginaw street is impossible by reason of the occupancy of a portion of that street by the Michigan Veneer Company.   That occupancy, however, is not shown to be by virtue of any action of the city authorities in closing said street, and it would seem (in the absence of such action) that defendant would have a right to the use thereof as a public street.   The most that can be said of the case made by defendant is that its customers approaching it from certain directions will be obliged to adopt a somewhat circuitous route, instead of going from Ninth street directly up Saginaw street to defendant's premises, as heretofore they have been able to do.

If defendant has suffered damage by reason of the acts of the complainant in the premises, that damage is readily ascertainable and is recoverable in a suit at law.   *Buhl v. Union Depot Co.*, 98 Mich. 596 (57 N. W. 829, 23 L. R. A. 392), and cases there cited; *Baudistel v. Railroad Co.*, 113 Mich. 687 (71 N. W. 1114); *Beutel v. Sugar Co.*, 132 Mich. 587 (94 N. W. 202).

It is urged by appellant that before proceeding with the erection of its depot which occupies a portion of Saginaw street, south of Tenth street, it was the duty of the complainant to proceed to condemn defendant's interest therein and to pay such damages and compensation to defendant as might be awarded.   It is contended that this duty is imposed by 2 Comp. Laws, § 6234, par. 5, which reads as follows:

"And in case of the construction of such railway upon any public street, lane, alley, or highway, the same shall be on such terms and conditions as shall be agreed upon between the railroad company and the common council of

any city, or the village board of any village, or the commissioners of highway of any township in which the same may be; but such railway shall not be constructed upon any public street, lane, alley, highway or private way until damages and compensation be made by the railroad company therefor to the owner or owners of property adjoining such street, lane, alley, highway, or private way, and opposite where such railroad is to be constructed either by agreement between the railroad company and each owner or owners, or ascertain as herein prescribed for obtaining property or franchises for the purpose of its incorporation to be paid to the owner thereof, or deposited as hereinafter directed."

We think it is clear that the paragraph quoted and relied upon relates solely to the construction of the railway, and has no bearing upon the right of the railroad company to occupy a portion of a legally vacated street with its depot. *Highway Com'r of Ecorse Township* v. *Railroad,* 148 Mich. 436 (111 N. W. 1090). Our attention is not directed to any statute under which the complainant could have proceeded in the manner suggested.

The cross-bill prays for injunctive relief only. Upon the argument it was suggested by counsel for appellant that this court should not presently enjoin complainant from using the depot it has constructed, in part upon the vacated street, but that it should make an order that such injunction issue unless within six months complainant should institute proceedings against defendant to condemn. This course, if authorized and followed, would preserve no right to defendant not already possessed by it under the present decree. It would simply be defendant in a proceeding instead of plaintiff. Its measure of damages would be the same in either case.

The decree is affirmed, with costs.

MOORE, C. J., and STEERE, MCALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.