SIOUX CITY SEED & NURSERY CO. *v.* DETROIT &
MACKINAC RY. CO.

1. RAILROADS — MUNICIPAL CORPORATIONS — CONSEQUENTIAL IN-
JURIES—HIGHWAYS AND STREETS—CLOSING.

No damages are recoverable in an action at law for the
closing of that part of a public street, not fronting on
but leading to plaintiff's warehouse, which had been law-
fully vacated by the city council, by the erection of a
railway station across and upon the street by means of
which the public had been accustomed to gain access to
the premises of the plaintiff, rendering access more diffi-
cult and inconvenient, but not cutting off ingress and
egress, which remained possible, although the route had
been rendered somewhat circuitous, for the persons ap-
proaching from the south. 2 Comp. Laws, § 6234, 3 How.
Stat. (2d Ed.) § 6587.

2. SAME—NOMINAL DAMAGES—APPEAL AND ERROR.

But a verdict for nominal damages, from which the de-
fendant railroad company did not appeal, will be affirmed,
although it was more favorable to the plaintiff than it
was legally entitled to ask.

Error to Alpena; Emerick, J. Submitted October
9, 1914. (Docket No. 63.) Decided January 29,
1915.

Case by Sioux City Seed & Nursery Company
against the Detroit & Mackinac Railway Company for
damages for the closing of certain streets in the city
of Alpena. Judgment for the plaintiff for nominal
damages. Plaintiff brings error. Affirmed.

*Joseph H. Cobb,* for appellant.

*Henry, Henry & Henry,* for appellee.

BROOKE, C. J. The facts involved in this case will
be found fully set forth in the case of *Detroit & Mack-*

*inac Railway Co.* v. *Sioux City Seed & Nursery Co.,*
reported in 168 Mich. 668 (134 N. W. 1103). In that
case the defendant in the case at bar was complainant
and the plaintiff herein was defendant. We there held
that the defendant therein (plaintiff herein) was not
entitled to restrain the railroad company from tak-
ing possession of and occupying and building upon
the vacated streets, but remitted defendant there to
its remedy at law. The present action is a suit at law
brought by the seed company, as plaintiff, against the
railroad company, for damages which it alleges it has
suffered by reason of the closing of the streets and
alleys, a description of which will be found in our
former opinion.

It will be remembered that Tenth street runs ap-
proximately east and west, and that Saginaw street
runs approximately north and south. The railway
company, from the time it was built, has been located
at the point in question in the center of Tenth street.
Plaintiff's premises are located upon the northeast
corner of Saginaw and Tenth streets. A side track,
or spur, leads from the main track directly to and
along the Tenth street frontage of plaintiff's ware-
house. Saginaw street north of Tenth street was not
closed, but it was closed for a distance of one-half
block immediately south of Tenth street, and Tenth
street was closed for a distance of about five blocks.
The depot, now completed, in part occupies the whole
of Saginaw street south of Tenth street. It will
therefore be noted that plaintiff's property, which ex-
tends from Saginaw street to Tawas street, abuts on
Tenth street, which was closed, and abuts on Saginaw
street at a point where it was not closed. As pointed
out in our former opinion, access to plaintiff's prop-
erty may still be had by way of Saginaw street from
the north, or Tawas street from the east. The clos-
ing of Saginaw street south of Tenth street undoubt-

edly renders communication with plaintiff's property from the south more inconvenient than it was before the closing of Saginaw street south of Tenth street.

This situation is identical with the situation set out in the case of *Buhl* v. *Union Depot Co.*, 98 Mich. 596 (57 N. W. 829, 23 L. R. A. 392). This court there held, in an exhaustive opinion, that:

"The injury sustained by a landowner whose land fronts upon a public street, but not upon that portion occupied and closed by a union depot company under Act No. 94, Laws of 1891, and whose means of ingress and egress are not thereby cut off, but only rendered less convenient, is *damnum absque injuria*, and damages are not recoverable under said act, which provides that, in case of such occupancy and closing, the company shall pay to all parties entitled to the same any and all damages that may accrue to them in consequence thereof." Headnote.

Upon the trial the plaintiff distinctly disclaimed any damages to it arising from the closing of Tenth street, which the record shows had never, since the building of the railway, been used for purposes of general travel in the vicinity of plaintiff's premises. No testimony was introduced on behalf of plaintiff tending to show such damages.

Under the condition of the record as presented to the court below, and in view of the holding in the case of *Buhl* v. *Union Depot Co.*, *supra*, we are of opinion that the trial court should have directed a verdict in favor of defendant. A verdict, however, was directed in favor of plaintiff for nominal damages. Inasmuch as defendant does not appeal and the verdict directed was more favorable to plaintiff than it was entitled to, the judgment is affirmed.

McALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.