## CRANE, ADMINISTRATRIX OF SAUER, *v.* HAHLO ET AL., CONSTITUTING THE BOARD OF REVISION OF ASSESSMENTS OF THE CITY OF NEW YORK, ET AL.

ERROR TO THE SUPREME COURT, APPELLATE DIVISION, FIRST
JUDICIAL DEPARTMENT, OF THE STATE OF NEW YORK.

No. 107. Argued January 20, 23, 1922.—Decided February 27, 1922.

1. A purely statutory right of a landowner to recover damages resulting to his property from a change in the grade of a street upon which it abuts is not a right of contract within the meaning of the Contract Clause of the Constitution. P. 145.
2. In determining whether due process of law has been denied, the character of the proceeding involved and the practice at common law and in this country, in like cases, must be considered. P. 147.
3. The determination of the amount of damage to abutting property caused by changing the grade of a city street may be properly left to a board of assessors, and the property owner is not deprived of due process if, pending the proceeding, his right to a general review by a court is limited by an amendatory law making the award final as to amount but leaving it reviewable for lack of jurisdiction, fraud, or the wilful misconduct of the members of the board. P. 147.
4. Equal protection of the laws is not denied the claimant in such a case by vesting the final power to assess the amount of the damages in a board composed of officials of the city against which the claim is made, appointed by its mayor. P. 148.

228 N. Y. 309, affirmed.

WRIT of error to review a judgment of the Supreme Court of New York, Appellate Division, entered on remittitur from the Court of Appeals of the State. The effect of the judgment was to dismiss for want of jurisdiction an application previously entertained by the Supreme Court of the State, and by the Appellate Division on appeal, where the plaintiff in error here sought a writ of certiorari to review an award made by the Board of Assessors of the City of New York and confirmed by the Board of Revision of Assessments, fixing the damages

suffered by the plaintiff's intestate as abutting property owner, due to a change of a street grade resulting from the construction of a viaduct by the city.

*Mr. John M. Harrington,* with whom *Mr. Archibald R. Watson* and *Mr. Herbert H. Gibbs* were on the brief, for plaintiff in error.

*Mr. Charles J. Nehrbas,* with whom *Mr. John F. O'Brien* was on the brief, for defendants in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

Pursuant to authority of an act of the legislature of the State, the City of New York, in 1890, began the construction of an elevated viaduct in 155th Street, which was completed in 1893. Before and during the construction of the viaduct George W. Sauer, the intestate of the plaintiff in error, was the owner of property fronting upon the part of the street improved and in due time instituted suit to recover damages, which he claimed he had suffered. After many vicissitudes, sufficiently indicated in *Sauer* v. *City of New York,* 206 U. S. 536, and *People ex rel. Crane* v. *Ormond,* 221 N. Y. 283, the litigation resulted in a decision by the Court of Appeals of New York in 1917, that the construction of the viaduct effected a change of grade in the street; that the administratrix of Sauer's estate was entitled to recover such damages as had been caused to the property, and that the Board of Assessors of the City of New York had jurisdiction to make award of such damages. 221 N. Y. 283, *supra.*

With the right to damages thus established, the plaintiff in error in due time filed her claim with the Board of Assessors and was awarded a substantial sum as compensation. While her claim for damages was pending with the Board of Assessors "The Greater New York Charter" was amended in many respects affecting the powers and

duties of the Board of Assessors and of the Board of Revision of Assessments (Laws of New York, 1918, c. 619). The Comptroller, Corporation Counsel and President of the Department of Taxes and Assessments of the City, had constituted the Board of Revision of Assessments since 1901, and as such were given power to review any award of damages made by the Board of Assessors, and the only essential change made by the amendment of 1918 consisted in the provision that:

" The confirmation of any such award by the board of revision of assessments shall be final and conclusive upon all parties and persons whomsoever with respect to the amount of damage sustained."

The plaintiff in error, not being satisfied with the amount of the award in her favor by the Board of Assessors, filed objections thereto, which were overruled, and thereupon, pursuant to law, the proposed award with the objections was presented to the Board of Revision of Assessments and was by it confirmed.

The plaintiff in error, continuing dissatisfied, thereupon appealed to the Supreme Court of New York for, and procured, a writ of certiorari to review the determination of the award by the Board of Assessors and the confirmation of it by the Board of Revision of Assessments. The ground of this application was that the quoted provision of the act of the New York Legislature of 1918, making the confirmation of the award by the Board of Revision of Assessments final and conclusive " with respect to the amount of damage sustained," was repugnant to the Constitution of the United States and void, and that the right to such review by certiorari, theretofore existing, was not affected by it.

A motion by the city to dismiss the writ on the ground that plaintiff in error's right to it was cut off by the amendment to the statute was denied by the Supreme Court and by the Appellate Division of the Supreme

Court, but this decision was reversed by the Court of Appeals in the judgment which is now under review.

It is conceded that at the time the viaduct was erected and until the Act of 1918, under the practice of New York, the plaintiff in error had the right to a general review in the Supreme Court, a court of general jurisdiction, of the proceedings before the Board of Assessors until 1901 and of the Board of Revision of Assessments until the amendment in 1918. The holding of the Court of Appeals in this case (228 N. Y. 309, 316) is that the provision of the act, making the confirmation of the award by the Board of Revision of Assessments final and conclusive, would not prevent " the consideration on certiorari of questions of jurisdiction, fraud and willful misconduct on the part of the officials composing the boards ", but that it was conclusive against the right to a general review of questions relating to the subject of damages such as the plaintiff in error was presenting to it. *Matter of Southern Boulevard R. R. Co.*, 143 N. Y. 253, 259, is cited as a precedent for this holding.

Thus the contention of the plaintiff in error, pursued through all the state courts and now presented in this court, is, that the modification by the Act of 1918 of the remedy available to her intestate when the viaduct was constructed and his right to damages became complete, offends: (1) Against the contract impairment clause (Art. I, § 10); (2) against the equal protection clause; and (3) against the due process of law clause of the Fourteenth Amendment to the Federal Constitution.

As to the first of these contentions.

While, under the holdings in *People ex rel. Crane* v. *Ormond,* 221 N. Y. 283, and *Ettor* v. *City of Tacoma,* 228 U. S. 148, the decedent of the plaintiff in error had a vested property right to compensation after the completion of the viaduct, very clearly this was not a contract right in a constitutional sense.

It has long been settled by decisions of this court that the word " contracts " in § 10 of Article I of the Constitution is used in its usual or popular sense as signifying an agreement of two or more minds, upon sufficient consideration, to do or not to do certain acts. " Mutual assent " [express or implied] " to its terms is of its very essence." *State of Louisiana ex rel. Folsom* v. *Mayor and Administrators of New Orleans,* 109 U. S. 285, 288; *Freeland* v. *Williams,* 131 U. S. 405, 414; *Essex Public Road Board* v. *Skinkle,* 140 U. S. 334, 340; *Morley* v. *Lake Shore & Michigan Southern Ry. Co.,* 146 U. S. 162, 169; *Garrison* v. *City of New York,* 21 Wall. 196, 203.

The Court of Appeals held that at common law the intestate of the plaintiff in error did not have any right of action for the damage done to his property (*Sauer* v. *City of New York,* 180 N. Y. 27), and this court affirmed that judgment in 206 U. S. 536, *supra.* In the later case, 221 N. Y. 283, *supra,* by treating the construction of the viaduct as a change of grade of the street, a statute (not noticed in the earlier decision) was made applicable and from it was derived the right to recover asserted in this case. The origin of the right is thus wholly statutory, an act of grace by the legislature, as if " consulting the interests of morality," so that there is nothing in the nature of a contract in it, and therefore there is nothing in the case for the contract impairment clause of the Constitution to operate upon. The first contention of the plaintiff in error cannot be sustained.

The statement of the case shows that, stripped of non-essentials, the second contention of the plaintiff in error is that the cutting down by the amendment of 1918 of her remedy from a general review in the State Supreme Court to a review limited to " questions of jurisdiction, fraud and willful misconduct on the part of the officials composing the boards," deprived her of her property without due process of law.

In determining whether or not due process of law has been denied regard must always be had to the character of the proceeding involved for the purpose of determining what the practice at common law was and what the practice in this country has been in like cases. *Twining v. New Jersey,* 211 U. S. 78, 100.

.The right of the plaintiff in error to damages having been established by the decision in 221 N. Y. 283, *supra,* there remained only the problem of determining the amount of the award which should be made and the manner of making it, and the reference of such a question, especially in eminent domain proceedings, to a commission, or board, or sheriff's jury, or other non-judicial tribunal, was so common in England and in this country prior to the adoption of the Federal Constitution that it has been held repeatedly that it is a form of procedure within the power of the State to provide and that when opportunity to be heard is given it satisfies the requirements of due process of law, especially when, as in this case, a right of review in the courts is given. *Custiss* v. *Georgetown & Alexandria Turnpike Co.,* 6 Cranch, 233; *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557, 569; *United States* v. *Jones,* 109 U. S. 513, 519; *Long Island Water Supply Co.* v. *Brooklyn,* 166 U. S. 685, 688; and *Bauman* v. *Ross,* 167 U. S. 548, 593.

No one has a vested right in any given mode of procedure (*Railroad Co.* v. *Grant,* 98 U. S. 398, 401; *Gwin* v. *United States,* 184 U. S. 669, 674) and so long as a substantial and efficient remedy remains or is provided due process of law is not denied by a legislative change. *Oshkosh Waterworks Co.* v. *Oshkosh,* 187 U. S. 437, 439.

The amendment of 1918, following an earlier amendment in 1901, gave to the plaintiff in error the right to have the award of the Board of Assessors reviewed by the Board of Revision of Assessments, which her intestate did not have when the viaduct was constructed, and while the

amendment of 1918 made the finding of the latter conclusive as to the " amount of damage sustained," it retained the right to review in the courts the entire finding, whenever lack of jurisdiction, or fraud, or wilful misconduct on the part of the members of the Board should be asserted. This afforded ample protection for the fundamental rights of the plaintiff in error, and the taking away of the right to have examined mere claims of honest err(. in the conduct of the proceeding by the Board did not invade any federal constitutional right. Even courts have been known to make rulings thought by counsel to be erroneous. *McGovern* v. *City of New York,* 229 U. S. 363.

The Court of Appeals declares that the theory of the amendment is well understood to be " the policy that the greater good is sometimes served by making certain classes of decisions final and ending litigation, even though in a particular case the individual is prevented by review from correcting some error which has injured him. "

It may not be an undiluted evil to the real parties in interest to this litigation, which has been pending in various forms for nearly thirty years, to have it brought to an end and to have the large award allowed in 1918 divided among them.

Plainly this second claim of the plaintiff in error must be denied.

The final contention is that the amendment of 1918 to the act denies to the plaintiff in error the equal protection of the laws.

It is argued, far from confidently, that this invasion of constitutional right arises from the fact that the Board of Revision of Assessments, having final jurisdiction over the amount of the damages suffered by the intestate of the plaintiff in error, is composed of three city officials, appointed by the mayor, with power to pass on claims against it and that this denies to her an impartial tribunal. This membership of the Board had existed since 1901.

The disposition of this contention by the Court of Appeals is quite sufficient, saying:

" The officials who heard her claim were not disqualified because selected by the city. Her claim was not against the city but if allowed was collected by assessment. Officials acting really as an auditing board are not condemned because they have been selected by the municipality or other division against which the claim is made. If it were otherwise a great many bodies passing in a judicial capacity on claims from the Board of Claims down, would be disqualified. "

The judgment of the Supreme Court, Appellate Division, First Judicial Department of the State of New York, entered on remittitur from the Court of Appeals is

*Affirmed.*