## PRIDEAUX v. DES MOINES JOINT–STOCK LAND BANK.

District Court, D. Minnesota, Second Division. August 16, 1929.

Charles T. Wetherby, of St. Paul, Minn., for plaintiff.

Cosson & Newcomb, of Des Moines, Iowa, and J. V. Williams, of Marshall, Minn., for defendant.

Junell, Dorsey, Oakley & Driscoll, of Minneapolis, Minn., amici curiæ.

SANBORN, District Judge. The plaintiff is a resident of Wisconsin; the defendant, a corporation organized under the Federal Farm Loan Act (12 USCA § 811 et seq.), with its office at Des Moines, Iowa. The northeast quarter of section 12, and the north half of the northeast quarter of section 13, in township 101, range 43, Nobles county, Minnesota, is owned by and in the possession of the plaintiff. On January 18, 1923, Henry L. Prideaux, the then owner of this land, and his wife, mortgaged it to the defendant to secure the payment of a loan of $18,000. The mortgage indebtedness was to be paid on the amortization plan in 65 semiannual installments of $630 each, and one final installment of $526.14. The mortgage deed provided that, in case of default in the payment of an installment, the mortgage might be foreclosed for that installment, without impairing the security of the mortgage as to the balance to become due. Henry L. Prideaux and his wife gave a second mortgage for $6,000 to Elizabeth R. Prideaux.

In February, 1927, default was made in the conditions of the first mortgage through failure to pay a semiannual installment. Believing that it had the right to foreclose for this installment without releasing its lien for the balance of the indebtedness, as provided by chapter 280, Session Laws of Minnesota 1925, and in compliance with that act, and upon advice of its counsel, the defendant foreclosed by advertisement, and bid in the land, subject to unpaid installments, at foreclosure sale, for $731.31 on June 25, 1927. The mortgagor did not redeem, but Elizabeth R. Prideaux, as junior incumbrancer, did redeem on June 30, 1928. On July 19, 1928, she quitclaimed this land to the plaintiff, and he thereafter brought this action to quiet title, claiming that the defendant no longer had a lien for the balance of the mortgage debt.

In the case of Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486, the Supreme Court of Minnesota held that, under sections 3 and 4, chapter 81, General Statutes of Minnesota 1878—which became section 9610, General Statutes of Minnesota 1923—relating to foreclosure of mortgages for installments which "entered into and controlled" the power of sale contained in the mortgage, there could be but one foreclosure upon the entire tract covered by the mortgage. In Curtis v. Cutler, 76 F. 16, 18, 37 L. R. A. 737, the Circuit Court of Appeals of this circuit followed the decision in Fowler v. Johnson, supra, and Martin v. Sprague, 29 Minn. 53, 11 N. W. 143, saying with reference to the foreclosure of a Minnesota mortgage: "The foreclosure and sale of mortgaged premises for a part of the mortgage debt exhausts the lien of the mortgage, and the purchaser at the foreclosure sale, and creditors holding liens, who redeem from him, take the property entirely discharged from the mortgage."

The Legislature of Minnesota, in 1925 (chapter 280, Session Laws 1925), amended section 9610, General Statutes 1923, so as to permit foreclosure for installments without discharging the lien of the mortgage. The claim of the plaintiff is that this could not affect mortgages made prior to April 20, 1925, the date of the approval of the act; that it was not retrospective, and that, if it was, it would be unconstitutional, because it would have the effect of depriving the plaintiff of his property without due process of law and would impair the obligation of his contract.

The plaintiff further claims that the notice of mortgage foreclosure sale was insufficient, because it did not state that the land was to be sold subject to the unpaid installments. The mortgage itself provided that the "mortgagee may foreclose only as to the sums or any amortization installment matured and past due without injury to the security of this mortgage for payment of the balance due and remaining unpaid, or the displacement or the impairment of the lien thereof for the balance unpaid but preserving all and the same." This clause was unenforceable prior to April 20, 1925, because of section 9610, General Statutes Minnesota 1923. The

plaintiff says it was void, being unlawful. It was merely ineffectual prior to the enactment of chapter 280, because the law of the state did not then permit more than one foreclosure as to the entire tract covered. When the Legislature, by amendment, removed the obstacle in the way of its enforcement, it authorized just what was done in this case. There was nothing evil or contrary to public policy in such a provision, and the fact that under the law it could not be exercised at the time the mortgage was made would not render it void. See 12 C. J. 1070. For a somewhat analogous situation, see cases referred to in Buder v. First National Bank et al. (C. C. A.) 16 F.(2d) 990.

But, even if the mortgage itself did not authorize what was done, it would not change the result. Chapter 280 was by its terms an amendment to section 9610, which related to foreclosure of past, present and future mortgages. It was clearly intended to apply to past mortgages, not for the purpose of changing vested rights of a substantial character, but simply to change the law, so as to permit foreclosure for installments without exhausting the entire mortgage lien. The mortgagor had no vested right in any remedy available to the mortgagee in case of default. 12 C. J. 974. Oshkosh Waterworks Co. v. Oshkosh, 187 U. S. 437, 23 S. Ct. 234, 47 L. Ed. 249; Crane v. Hahlo, 258 U. S. 142, 42 S. Ct. 214, 66 L. Ed. 514; Conley v. Barton, 260 U. S. 677, 43 S. Ct. 238, 67 L. Ed. 456; State ex rel. National Bond Co. v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L. R. A. (N. S.) 157.

The Legislature could not have taken away the mortgagor's right to redeem or to retain the possession of the premises until the right of redemption expired (Willis v. Jelineck, 27 Minn. 18, 6 N. W. 373), but it could either enlarge or diminish the remedy available to the mortgagee, so long as it left to it some effective way of enforcing its rights (12 C. J. 1071). It is true that the statutes of the state, as they existed at the time, entered into and became a part of the contract expressed in the mortgage deed; but it is equally true that the parties who made it did so in contemplation of the right of the Legislature to enlarge or restrict the remedy of the mortgagee. It is immaterial whether the change in the law benefited the mortgagor or the defendant. There is not the slightest doubt that chapter 280 gave to the defendant the right to foreclose as it did.

So far as the notice of foreclosure is concerned, it is perhaps not a model, but it is sufficient. It clearly refers to a foreclosure for an installment. The debt specified in it is the installment then due. No one claims to have been misled by it. It constitutes a substantial compliance with the statute. The sale and the certificate of sale are regular.

It becomes unnecessary to discuss the question as to whether the plaintiff could in any event maintain this action. It may properly be said, however, that he is in a rather equivocal position. His contention is that, because the defendant relied upon chapter 280 in good faith in making its foreclosure, and because that statute is void as to its mortgage, a court of equity should treat the defendant as having effected a valid foreclosure under the law existing prior to 1925, and thus destroyed its lien for more than $16,000 remaining unpaid, so that the plaintiff now holds the farm free and clear of incumbrance. Somehow this position does not make a strong appeal to either common sense or good conscience.

It is ordered that this action be dismissed, and that the defendant recover its costs and disbursements. A decree may be entered accordingly.