## CLAYTON & LAMBERT MFG. CO. v. CITY OF DETROIT et al.

District Court, E. D. Michigan, S. D.
August 20, 1929.

No. 3634.

Dykema, Jones & Wheat, of Detroit, Mich., for complainant.

Corliss, Leete & Moody, of Detroit, Mich., for Intervener.

Clarence E. Page, Asst. Corp. Counsel, of Detroit, Mich., for defendant.

SIMONS, District Judge. The bill is filed for the purpose of restraining defendant from vacating and closing a portion of French Road in the city of Detroit. Jurisdiction is asserted on the ground of diversity of citizenship and on the ground that defendant's action is in violation of both the federal and the state Constitutions, in threatening to appropriate private property without due process of law and to impair the obligation of contract. Const. U. S. Amend. 14, and article 1, § 10; Const. Mich. art. 2, §§ 9, 16.

The facts, stated as briefly as possible, are as follows:

Complainant owns property, upon which is a valuable manufacturing plant, on the west side of French Road, midway between Gratiot avenue on the south and the Six-Mile Road on the north. Defendant owns a tract of land on the east side of French Road, which it is developing as a municipal airport. On the west side of French Road is another tract of land, also belonging to the defendant. The westerly tract is separated from plaintiff's property on the north by property of the Detroit City Gas Company and by Lynch Road, a highway running west from French Road, but not east. South of this westerly tract is another highway, Grinnell avenue, running west from French Road, but not east. Some distance west of defendant's westerly tract is Van Dyke avenue, a through north and south highway. Between it and French Road is Erwin avenue, an undeveloped street connecting Lynch Road on the north with Grinnell avenue on the south.

Defendant, in its development of the municipal airport, has found it necessary by action of its common council to consolidate its two parcels, so as to provide one uninterrupted field. To accomplish this, it proposes to vacate and close a portion of French Road now dividing the two tracts. This will cut the plaintiff off from direct access to Gratiot avenue. It will not interfere with its access to other highways intercepting French Road on

the north. Plaintiff will be left a circuitous means of ingress and egress to its property by way of Lynch Road, Van Dyke avenue, and Grinnell avenue. This detour will add 1.7 miles to the distance from plaintiff's property to Gratiot avenue. The defendant, however, proposes, as part of its unitary plan of development, to open Erwin avenue north from Grinnell avenue to Lynch Road. This will reduce the detour around the airport to 1.05 miles of added distance over the present direct route. The defendant also proposes to acquire by purchase a portion of the gas company's property north of Lynch Road, and then to relocate Lynch Road on the north boundary of such additional property, which will in some measure still further reduce the added distance from plaintiff's property to Gratiot avenue necessitated by the detour.

Plaintiff attacks the ordinance under which the project is authorized, first, because it embraces more than one object, and is therefore in violation of the Detroit City Charter, and because the city is without power to vacate streets and alleys by acts of its common council; second, because the vacating of Lynch Road as now located, and French Road, is contrary to the provisions of the Fourteenth Amendment to the federal Constitution, and contrary to the provisions of the state Constitution, in that it takes private property without due process of law and without compensation; third, that the closing of French Road is also unlawful, as an impairment of the obligation of contract, which obligation arose when an assessment was made and collected for the opening and widening of French Road.

■ Plaintiff's first contention, as to the invalidity of the ordinance under the provisions of the charter, is clearly without merit. The ordinance has but one general object, that of consolidating defendant's two tracts of land for an enlarged airport. To accomplish this, certain specific things must be done, to wit, the closing of French Road, the acquisition of additional property, the relocating of Lynch Road. The specific things proposed to be done are all in furtherance of one general and unitary object. The challenge to the ordinance on the ground that the city, having power to control and regulate streets, is without power to vacate them, is fully met by reference to the applicable provisions of the state Constitution, the acts passed in conformity therewith, the city charter, and the interpretation put upon them by the Supreme Court of Michigan. Section 28 of article 8 of the Constitution of the state reserves to all cities and villages "the reasonable control of their streets, alleys and public places." The city charter follows the language of the Constitution.

The scope of the city's power over its streets and alleys was made the subject of a similar attack in the case of Roberts v. City of Detroit, 241 Mich. 71, 216 N. W. 410, and it was there held that the common council of the city has the power, not only to regulate and control, but to vacate. This decision came before the Supreme Court of the United States in Roberts v. Detroit, 278 U. S. 642, 49 S. Ct. 79, 73 L. Ed. ——, and was upheld. As this case is the latest interpretation of the court of last resort of Michigan upon powers conferred upon the defendant city by the Constitution and laws of the state of Michigan, this court will be bound by it. The contention that, this being an equitable proceeding, this court, while paying due deference to the opinion of the Michigan Supreme Court, should not be bound by its decision, but should inquire into the equities of the situation, is, I think, without merit. Equitable remedies are here sought by asserting the lack of a legal power in the defendant over its streets and alleys. To the extent that the bill relies upon the lack of such legal power, I must be governed by the state law as it is now declared with respect to such power.

■ Plaintiff's principal contention is, however, that its right to direct access to Gratiot avenue by way of French Road, substantially as at present located, is a right of property appurtenant to its real estate, and that depriving it of such direct access without a judicial determination of its necessity, and without adequate compensation, is taking private property without due process of law, and so a violation both of the federal and state Constitutions. A careful examination of the authorities leads inevitably to the conclusion that it is now settled Michigan and federal law that the discontinuance of a public street or its appropriation to other purposes than that of a highway does not constitute a taking of the property of the users, other than abutting owners, unless special damages are shown, other than an inconvenience different in degree only from that suffered by the general public. This is settled in Michigan by a long line of cases, beginning with Buhl v. Union Depot Co., 98 Mich. 596, 57 N. W. 829, 23 L. R. A. 392, and followed by Baudistel v. Michigan Railroad Co., 113 Mich. 687, 71 N. W. 1114; Sioux City Seed Co. v. Detroit, etc., R. R. Co., 184 Mich. 181, 150 N. W. 841; Phelps v. Stott Realty Co., 233 Mich. 486, 207 N. W. 2; Tomazewski v. Palmer Bee Co., 223

Mich. 565, 194 N. W. 571; Roberts v. Detroit, supra. This view has also the approval of the Supreme Court of the United States in Meyer v. Richmond, 172 U. S. 82, 19 S. Ct. 106, 43 L. Ed. 374, and Roberts v. City of Detroit, supra. The case of Burton v. Freund, 243 Mich. 679, 220 N. W. 672, is not at all in conflict with this line of decisions. The overwhelming weight of state authority outside of Michigan is that such inconvenience is damnum absque injuria.

It is urged, however, by the plaintiff, that in the instant case some special damage is shown by the plaintiff's proofs, in that the plaintiff has a private right of way over French Road, from the Six-Mile Road south to Gratiot avenue; that this private right of way is property; that while, perhaps, merged in subsequent dedications of the highway to public use, the vacating of the highway can lawfully be but a surrender of the rights of the public therein, and not an appropriation of the private rights possessed by the plaintiff. In support of this contention the plaintiff presents maps and affidavits which tend to show that French Road was a used and traveled highway many years before there was any formal dedication of it to the use of the public. With the view that such proofs show the existence of a private right of way, in the absence of any specific grant by the owners of the fee, and in the absence of proof that such private rights were acquired by prescription by virtue of user adverse to the rights of the owners of the fee, I cannot agree. The most, and indeed all, that can be said of the proofs, is that they show the existence of a traveled road opened generally to the public long before any recorded dedication. It seems to me to be well settled that the mere use of a way in common with the general public, although it may establish a public road, cannot establish a private right of way. 19 Corpus Juris, 898, and cases there cited.

The final contention, that because there was an assessment required to be paid by the plaintiff or its predecessors in title for the widening of French Road establishes a contract relationship with the city to forever maintain French Road as so widened, seems to me to be answered in the negative by a long line of cases. Crane v. Hahlo, 258 U. S. 142, 42 S. Ct. 214, 66 L. Ed. 514; Buhl v. Union Depot, supra; City of Chicago v. Union Building Association, 102 Ill. 379, 40 Am. Rep. 598; Kean v. City of Elizabeth, 54 N. J. Law, 462, 24 A. 495, among others.

A temporary injunction as prayed for in the bill of complaint will be denied. In view of the fact, however, that until Lynch Road is relocated as proposed in the ordinance, and the new road opened to travel, it must be apparent that the vacating of French Road between the southerly line of Lynch Road as now located and the northerly line of Lynch Road as proposed, would shut off plaintiff from any access to its property from the south, either directly or indirectly, and such vacation of French Road would be a taking of private property without due process of law within the averments of the bill, an injunction may issue restraining the defendant from vacating or closing any portion of French Road north of the southerly line of Lynch Road as it at present exists, without prejudice, however, to the rights of the defendant to move for a dissolution of such injunction when and if Lynch Road is relocated and opened for travel, and when and if Erwin avenue is opened and made available to travel, so that a continuous, uninterrupted detour is provided, by means of Lynch Road relocated, Erwin avenue, and Grinnell avenue, from the property of the plaintiff west and south and east and again south to Gratiot avenue.