**RITHOLZ et al. v. MARCH et al.**
No. 7317.

United States Court of Appeals for the
District of Columbia.

Argued May 8, 1939.

Decided June 26, 1939.

August H. Moran and Sylvia D. Kessler, both of Washington, D. C., for appellants.

Martin A. Morrison and P. B. Morehouse, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

GRONER, C. J.

Appellants are citizens of the United States and residents of the State of Illinois, and, as co-partners under the trade names of Dr. Ritholz Optical Company and National Optical Stores Company, are engaged in offering for sale and selling optical goods in several states. In the latter part of 1937 the Federal Trade Commission issued a complaint, charging appellants with unfair methods of competition in commerce in violation of Sec. 5 of the Federal Trade Commission Act.[1] Appellants appeared and answered, denying the charge. The cause was docketed as Commission No. 3143 and referred to an examiner, but prior to the conclusion of the hearings appellants brought suit in the District Court for an injunction to restrain the Commission from further prosecuting the complaint and from holding any hearing and taking any further testimony or evidence in relation thereto. The bill alleges that, since the issuance of the complaint, the Act of September 26, 1914, known as the "Federal Trade Commission Act", and particularly Sec. 5 thereof, has been amended by an act of

[1] Act of Sept. 26, 1914, 38 Stat. 717, as amended, 15 U.S.C.A. § 41 et seq.

105 F.2d—59½

Congress approved March 21, 1938[2]; that the amendment substitutes for Sec. 5 of the original act an entirely new section, which creates "new rights, obligations, liabilities, powers, penalties, and other changes of a substantive nature"; that the amendment is repugnant to, is in irreconcilable conflict with, and supersedes and repeals former Sec. 5 of the Act, as the result of which the Commission is proceeding under a void statute. The Commission appeared and moved to dismiss the bill on sundry grounds. The District Court sustained the motion to dismiss and found as a conclusion of law that Sec. 5 of the 1914 Act had not been repealed by Sec. 5 of the 1938 Act and also that the court was without jurisdiction since there was an adequate remedy at law by appeal from the decision of the Commission.

Passing by for the moment the objection to the lower court's jurisdiction to grant equitable relief, we come to the principal question raised by the bill: Did the amendment of Sec. 5 of the Federal Trade Commission Act of 1914 repeal former Sec. 5 so as to terminate the Commission's authority to proceed against persons for unfair competition occurring before the date of amendment? The original Sec. 5 was enacted to prevent unfair methods of competition in interstate commerce, and the Commission was authorized to institute proceedings to prevent such acts whenever the public interest demanded. After due notice and hearing, if the unfair method of competition was found to exist, the Commission was authorized to issue a cease and desist order; and, if the person against whom it was issued neglected to obey the order, the Commission might apply to a Court of Appeals to enforce it or, on the other hand, if the person required to cease and desist thought himself aggrieved, he might obtain a review of such order in a like court. In 1938 Congress amended Sec. 5 by adding as "unlawful" unfair or deceptive acts or practices in commerce, and by changing the procedure after entry of the order, by a provision making it final within sixty days unless the person aggrieved applies to a court for judicial review, in which case the order of the court becomes final. In other words, whereas under the original section the initiative for making the order effective in the event of recalcitrancy was placed on the Commmission, under the amendment the order becomes effective within sixty days unless petition for judicial review is filed by the respondent within that time. And by Sec. 5 (a) of the amending Act, 15 U.S.C.A. § 45 note, if the cease and desist order was served prior to the amendment, the sixty-day period begins to run as of the date of the enactment. The only other change of any moment is in authorizing a civil action in the name of the United States for the recovery of a civil penalty for disobedience of the final order. Except in the latter respect, the changes are wholly procedural, but in substituting a penalty for violation of an order in place of a contempt proceeding, appellants say that the amendment is illegal as to previous offenses, and in that view the presumption should be indulged that Congress intended a complete repeal.

But we think this is not the case. The amending act contains no words of repeal, and if Sec. 5 of the original act was repealed it was by implication only. In Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351, the Supreme Court said that there are two categories of repeals by implication— one, where provisions in the two acts are in irreconcilable conflict, and the other, where the later act covers the whole subject of the earlier one and is clearly intended as a substitute. In that case the National City Bank of New York in 1930 had established branches at Manila and Cebu in the Philippine Islands under the provisions of Sec. 25 of the Federal Reserve Act of December 23, 1913, 12 U.S.C.A. § 601. In 1931 the Philippine Government levied a tax on branch banks not permitted by R.S. § 5219, 12 U.S.C.A. § 548. The bank paid and sued to recover, and the Philippine defense was that legislation subsequent to the passage of the Federal Reserve Act destroyed the immunity claimed by the bank under the statute. The new legislation amended Sec. 25 but retained the power of national banks to establish branches in United States dependencies. There, as here, it was claimed that the effect of the amendment was to repeal the prior provisions of the act. But the court held that such parts of the original Sec. 25 as were copied into the amended act were not thereby repealed and immediately re-enacted, but continued, uninterruptedly, to be the law after the

---

[2] 52 Stat. 111.

amendment precisely as they were before. The decision is particularly apposite in its statement and reiteration of the rule that whether a statute is repealed by a later one, on the ground of repugnancy or substitution. is a question of legislative intent and that, where powers or directions under several acts are such as may well exist together, an implication of repeal cannot be allowed. The intent of the legislature to repeal must be clear and manifest. In the still more recent case of United States v. Powers et al., 59 S.Ct. 805, 83 L.Ed. —— (decided May 15, 1939), a similar question arose as the result of an act extending the life of the Connally Hot Oil Act.[3] That act by its terms expired June 16, 1937, but on June 14, 1937, Congress amended this section of the act by striking out "June 16, 1937" and inserting "June 30, 1939", 15 U.S.C.A. § 715*l*, and the question was whether violations of the act committed prior to June 16, 1937, might be prosecuted under an indictment returned subsequent thereto. The court held that the act had never ceased to be in effect and that the amendment, unless it was apparent that Congress intended it should have this effect, should not be held to condone offenses committed prior to its passage.

 The original Federal Trade Commission Act consisted of eleven sections. The act of 1938 amends Sec. 4 by the addition of certain "definitions," 15 U.S.C.A. § 44, and Sec. 5 in the respects already mentioned, and adds several new sections not material here. It leaves unchanged the Commission's authority to prevent° unfair methods of competition. Only the procedure after the issuance of an order by the Commission is changed. Under the original procedure the initiative in requiring obedience to the order was placed on the Commission. Under the amendment the order is final within sixty days unless the respondent shall apply to a court for a judicial review; and, if it be conceded that the change is to place a greater burden on appellant and others in like situation, the answer is that no one has a vested right in any given mode of procedure. Baltimore & P. Railroad Co. v. Grant, 98 U.S. 398, 401, 25 L.Ed. 231; Gwin v. United States, 184 U.S. 669, 674, 22 S.Ct. 526, 46 L.Ed. 741; Crane v. Hahlo, 258 U.S. 142, 147, 42 S.Ct. 214, 66 L.Ed. 514. So long as a substantial

and efficient remedy remains or is provided, due process of law is not denied by a legislative change, and in this view it cannot be successfully contended that the change created by the amendment can be said to indicate or evince an intention of Congress by the amendment to repeal the original act.

" 'There is a presumption against a construction which would render a statute ineffective or inefficient, or which would cause grave public injury or even inconvenience.' We are unwilling to conclude that although the same acts continue to be prohibited after June 16, 1937, as before, violations committed prior to that time are not punishable thereafter." United States v. Powers, et al., supra [59 S.Ct. 807].

We have examined the cases upon which counsel rely: King v. Cornell, 106 U.S. 395, 1 S.Ct. 312, 27 L.Ed. 60; United States v. Tynen, 11 Wall. 88, 20 L.Ed. 153; Chase v. United States, 256 U.S. 1, 41 S.Ct. 417, 65 L.Ed. 801; Hassett v. Welch, et al., 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. But we think they are distinguishable. In each of the first three Congress had enacted a new statute, inconsistent with and covering the entire subject matter of the old. Since as to all of them there was no indication of continuity, a repeal was necessarily implied. In the Hassett case the question was whether an amendment covering new matter had any retrospective application.

In the case we have here, the act of Congress which constituted the Federal Trade Commission and defined its duties was changed by the amendment so as to enlarge the Commission's field of operations and to revamp the procedure for enforcement of its orders. Both before and after the amendment the Commission had precisely the same power to issue complaints, to make findings, and to render a decision, and that is what appellants now ask us to restrain. The Commission is not seeking to penalize appellants for prior acts but, as we have seen, is carrying on an administrative proceeding which at most can result in an order prospective in effect. The prior acts afford merely the occasion for the institution of the proceedings. If we need any indication that it was the intent of Congress that the new method of enforcement is to apply to pending complaints, we have it in Sec. 5 (a)

---

[3] 15 U.S.C.A. § 715 et seq.

of the amending act—that as to orders already issued the new sixty-day period for review is to date from the enactment.

In view of what we have already said, we find it unnecessary to consider the further question whether the bill should be dismissed because plaintiff has not exhausted the administrative provisions of the Act. On the ground stated we are of opinion the dismissal of the bill was correct and should be affirmed.

Affirmed.