## GRAY v. COMMISSIONERS OF DISTRICT OF COLUMBIA.

### No. 7430.

United States Court of Appeals for the District of Columbia.

Argued March 6, 1940.

Decided April 15, 1940.

Kenneth D. Amick, of Washington, D. C., for appellant.

Elwood H. Seal, Corporation Counsel, D. C., Vernon E. West, Principal Asst. Corporation Counsel, D. C., and James W. Lauderdale, Asst. Corporation Counsel, D. C., all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

Appellant was recently discharged from the District of Columbia Reformatory at Lorton, Virginia, after having served a sentence of ten years as a United States prisoner. He brought this proceeding in the nature of mandamus in the District Court for an order to compel the superintendent of the reformatory to pay him the sum of $10, to which he claims he was entitled under applicable laws, as a gratuity upon his discharge. The District Court dismissed the complaint, and this appeal followed.

Appellant rests his claim upon the Act of Congress of March 3, 1875,[1] as amended by the Act of January 7, 1925,[2] entitled "An Act For the establishment of a United States Industrial Reformatory." Under the provisions of that Act the United States acquired a site and built a reformatory at Chillicothe, Ohio. Section 10 thereof provides that there shall be furnished to a discharged prisoner suitable

[1] 18 Stat. 479, 480, 18 U.S.C.A. §§ 700, 710, 713.

[2] 43 Stat. 724, 18 U.S.C.A. §§ 831, 840.

clothing and $10 in money. Appellant asserts that the payment of the stated gratuity was thus made mandatory. But we think the Act has no relation to the case of a prisoner discharged from the District of Columbia Reformatory. The Act by its terms applied only to the Ohio institution, just as the Act creating the Federal Industrial Institution for Women, at Alderson, West Virginia, applied to women inmates of that institution, for whom different provision was made upon discharge. But even if this were not the case, we think it sufficiently appears that this case is covered by the Act of July 3, 1926,[3] which was an Act "To increase the clothing and cash gratuity furnished to persons discharged from prisons" and which reads as follows: "That on the discharge from any prison of any person convicted under the laws of the United States on indictment, he shall be furnished with transportation to the place of conviction or place of bona fide residence within the United States at the time of his commitment under sentence of the court, or to such place within the United States as may be authorized by the Attorney General; and if the term of his imprisonment shall have been six months or more he shall also be furnished with such suitable clothing as may be authorized by the Attorney General, and, in the discretion of the Attorney General, an amount of money not to exceed $20."

██ We think this statute superseded any former statute upon which appellant could base a claim. It covers the entire subject of gratuities and vests in the Attorney General a discretion which is inconsistent with any mandatory ministerial duty. Cf. Ritholtz v. March, 70 App.D.C. 283, 284, 105 F.2d 937, 938.[4] No implications in the title can vary this plain meaning. There is nothing in the Act of May 27, 1930, 46 Stat. 391, 18 U.S.C.A. § 744a et seq., to change the result. Its provisions relate only to prison industries and not to the subject of gratuities.

█ As the payment was discretionary, the trial court correctly dismissed the complaint.

Affirmed.

---

[3] 44 Stat. 901, 18 U.S.C.A. § 746.

[4] "In Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351. the Supreme Court said that there are two categories of repeals by implication—one, where provisions in the two acts are in irreconcilable conflict, and the other, where the later act covers the whole subject of the earlier one and is clearly intended as a substitute."