907 F.2d 1569
 SUNBELT SAVINGS, FSB, Plaintiff-Counter Defendant-Appellee,
and
Federal Deposit Insurance Corporation, Receiver for
Independent American Savings Association,
F.S.L.A., Intervening Plaintiff-Appellee,
v.
BENT TRAIL PHASE IV JOINT VENTURE, et al., Defendant-Counter
Plaintiffs-Appellants.
 No. 89-7087
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 9, 1990.
 
 Stephen A. Coke and Richard W. Winn, Wesner, Coke, Boyd & Clymer, Dallas, Tex., for Bent Trail, et al.
 C. Michael Moore and James A. Fisher, Locke, Purnell, Rain, Harrell, Dallas, Tex., for Sunbelt Sav., FSB.
 Jordan Luke, Gen. Counsel, Richard J. Osterman, Jr., and John P. Parker, Deputies Gen. Counsel, Washington, D.C. for FDIC.
 Appeal from the United States District Court For the Northern District of Texas.
 Before KING, GARWOOD and DUHE, Circuit Judges.
 DUHE, Circuit Judge:
 
 
 1
 This case requires that we resolve two issues:
 
 
 2
 1. Does passage of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) grant jurisdiction to a district court to reconsider its order of remand entered after the passage of the act?
 
 
 3
 2. If so, does this violate due process?
 
 
 4
 We answer the first question in the affirmative, the second in the negative, and, therefore, affirm the district court.
 
 
 5
 Much simplified, the facts are that the FDIC became a party to a state court lawsuit by a failed federally insured banking institution against its former customer seeking a deficiency judgment following foreclosure. The action was removed by FDIC to federal court.
 
 
 6
 On August 16, 1989, the district court sua sponte remanded to the state court believing that it was without jurisdiction pursuant to the proviso found in 12 U.S.C. Sec. 1730(k)(1) (West 1989) which provides:
 
 
 7
 Provided, that any action, suit, or proceeding to which the [FDIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured state-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under state law shall not be deemed to arise under the laws of the United States.
 
 
 8
 However, effective August 9, 1989, Congress had enacted FIRREA which repealed Title VI of the National Housing Act (12 U.S.C. Sec. 1724 et seq.), including Sec. 1730(k). FIRREA, Pub.Law No. 101-73, 103 Stat. 183, 363, Sec. 407; see also 12 U.S.C. Sec. 1730 (West Supp.1990). On August 30, 1989, the FDIC moved to reconsider the order of remand based upon the passage of FIRREA. Following the receipt of briefs on the issue the district court vacated the order of remand and granted summary judgment.JURISDICTION
 
 
 9
 The creditor contends that the district court was without jurisdiction to reconsider and vacate its remand based upon 28 U.S.C. Sec. 1447(d), that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise[.]" However, FIRREA became effective on August 9, 1989, seven days before the district court issued its order of remand and it expressly provides that the FDIC "may appeal any order of remand entered by any United States district court." 12 U.S.C. Sec. 1819(b)(2)(C). The creditor's argument that FIRREA should not apply to cases pending on the date of its enactment is foreclosed by this court's holding in Triland Holdings & Co. v. Sunbelt Service Corp., 884 F.2d 205, 207 (5th Cir.1989). See also Carrolton-Farmers Branch Independent School Dist. v. Johnson and Cravens, 889 F.2d 571, 572-73 (5th Cir.1989); and Pernie Bailey Drilling Co. v. FDIC, 905 F.2d 78 (5th Cir.1990). Those cases provide that the relevant jurisdictional provision of FIRREA is applicable to previously pending cases.
 
 
 10
 There has been a decision of a motions panel of this court in Pernie Bailey Drilling Co. v. FDIC, 905 F.2d 78 which deals specifically with the issue here presented and provides that appeal will lie from an order of remand in this situation.
 
 DUE PROCESS
 
 11
 The creditor next contends that retroactive application of FIRREA allowing the district court to hear this matter constitutes a violation of the due process clause of the Fifth Amendment because, the creditor argues, it has "a vested right to assert their causes of action in the state forum which constitutes a vested property interest protected by the Fifth Amendment." The argument is without merit.
 
 
 12
 "No one has a vested right in any given mode of procedure and so long as a substantial and efficient remedy remains or is provided due process of law is not denied by a legislative change." Crane v. Hahlo, 258 U.S. 142, 147, 42 S.Ct. 214, 216, 66 L.Ed. 514 (1922). A change in the forum for adjudicating a particular type of claim is considered by the Supreme Court as procedural. Griffon v. United States Depart. of Health and Human Services, 802 F.2d 146, 152 (5th Cir.1986) citing Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916)).
 
 
 13
 Here the grant of jurisdiction by FIRREA to the federal district court effectively vitiated the need to remand the case to the state court. This change in forum is procedural and thus involves no vested rights since a "substantial and efficient remedy" is provided by FIRREA. Due process has not been denied by the legislative change. Crane, 258 U.S. at 147, 42 S.Ct. at 216.
 
 
 14
 AFFIRMED.