Colegio de Farmacéuticos de Puerto Rico por sí y en representación de los farmacéuticos de Puerto Rico, demandante y apelante, *v.* Junta Insular de Farmacia de Puerto Rico, etc., y Carlos Monclova Franceschi, J. M. Quiñones, B. R. Rosa, Arquidemio Franceschi y Getulio Echeandía, demandados y apelados.

Núm. 8474.—*Sometido:* Junio 5, 1942. *Resuelto:* Julio 29, 1942.

R. *Fernández Garzot*, abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. García Cintrón, Subprocurador Auxiliar*, abogados de la Junta Insular de Farmacia, apelada; *Enrique Igaravídez*, abogado de los apelados Sres. Quiñones, Rosa y Echeandía; *Manuel A. Rivera*, abogado del apelado Sr. Monclova.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El ejercicio de la farmacia en esta Isla está reglamentado por la ''Ley autorizando la creación de una Junta de Farmacia, determinando la validez de ciertos diplomas de farmacéuticos, y para otros fines,'' vigente desde el 19 de mayo de 1921 (Leyes de 1921, pág. 135). Con arreglo a la misma todo aspirante al ejercicio de esa profesión deberá presentar un diploma acreditativo de haber cursado los cuatro años de escuela superior en una alta escuela de Puerto Rico o en una institución acreditada igual o análoga de los Estados Unidos o del extranjero a satisfacción de la Junta de Farmacia, debiendo presentar además un diploma de la universidad o colegio de farmacia de donde se hubiera graduado. Prescribe asimismo la sección 11 de la misma ley, según fué enmendada por la núm. 9 aprobada el 12 de mayo de 1927 (Leyes de 1927, pág. 423), que el aspirante deberá aprobar un examen de ciertas materias que especifica, pudiendo la Junta de Farmacia disponer de ese examen en ciertos y determinados casos.

No obstante la citada ley de carácter general, la Asamblea Legislativa de Puerto Rico pasó cuatro leyes especiales, numeradas 26, 231, 237 y 296, aprobadas todas el 15 de mayo de 1938, en beneficio exclusivo de los demandados apelados, que no son miembros de la Junta de Farmacia, ordenando a dicha junta que admita a examen a dichas personas a pesar de que no reúnen los requisitos exigidos por la citada ley general.

Con el propósito de que por los tribunales se decretase la inconstitucionalidad de dicha legislación, el Colegio de Farmacéuticos de Puerto Rico presentó en la corte inferior una solicitud de sentencia o decreto declaratorio en la que sustancialmente alegó: Que el Colegio de Farmacéuticos de Puerto Rico es una corporación cuasipública creada mediante la Ley núm. 243 de 1938 (pág. 476) y está debidamente

autorizado para representar a los farmacéuticos de esta Isla en la acción aquí interpuesta; que la demandada, Junta Insular de Farmacia de Puerto Rico, es también una corporación creada por la Ley núm. 15 de 19 de mayo de 1921 (pág. 135), con domicilio en la ciudad de San Juan, y se exponen los nombres de sus miembros; que en virtud de dichas leyes especiales se ordenó a la Junta de Farmacia que admitiese a examen a los demandados Getulio Echeandía, Carlos Monclova Franceschi, J. M. Quiñones, B. R. Rosa y Arquidemio Franceschi (a quienes en lo sucesivo llamaremos "los demandados" para distinguirlos de la codemandada Junta Insular de Farmacia, a quien llamaremos "la Junta"); que la Junta Insular de Farmacia de Puerto Rico está por aprobar, existiendo grandes probabilidades de que las apruebe, las solicitudes a examen de los referidos demandados . . . . y los someterá a examen y les concederá licencia para ejercer la profesión de Farmacéutico en Puerto Rico en caso de que aprueben dichos exámenes"; que las cuatro leyes antes aludidas son inconstitucionales porque (a) niegan a las personas residentes en Puerto Rico la igual protección de las leyes; (b) son discriminatorias y conceden privilegios injustificados a "los demandados"; (c) no son uniformes y no se aplican igualmente a otras personas en posición similar a los referidos demandados, colocando a estos últimos en una posición superior a otras personas similarmente situadas y colocándolos también en posición superior y privilegiada en relación con los farmacéuticos de Puerto Rico debidamente autorizados para ejercer su profesión bajo la ley general de farmacia; (d) porque la citada legislación priva de su propiedad sin el debido proceso de ley a los farmacéuticos de Puerto Rico ya autorizados para ejercer su profesión bajo la ley general de farmacia; y (e) porque dicha legislación constituye "una invasión y usurpación de parte de la legislatura de Puerto Rico de los derechos, prerrogativas y poderes discrecionales de la Junta Insular

de Farmacia de Puerto Rico.'' Alega además la solicitud que ''existe una controversia real y efectiva entre la parte demandante y los demandados en relación con los hechos alegados en esta demanda y en relación con las cuestiones de derecho levantadas en esta solicitud de sentencia declaratoria.'' Termina la solicitud con súplica de que se declare inconstitucional la legislación en controversia con todas sus consecuencias legales y se condene a todos los demandados, incluyendo la junta, al pago de las costas y honorarios de abogado. Los demandados excepcionaron la demanda y al ser desestimadas las excepciones previas, contestaron todos con excepción de la junta, anotándose su rebeldía, así como la de Arquidemio Franceschi, que no compareció. Sometido el caso por las alegaciones de la demanda y las distintas contestaciones, según se estipuló al efecto, se dictó sentencia decretando que dichas cuatro leyes ''no infringen las disposiciones del primer párrafo del artículo 2 del Acta Orgánica de Puerto Rico.''

Apeló el Colegio de Farmacéuticos de Puerto Rico y en su alegato señala cinco errores. Los tres primeros señalamientos constituyen una sola proposición expresada en tres formas distintas, que virtualmente se reducen a que la legislación en controversia infringe la garantía constitucional relativa a la igual protección de las leyes, por conceder a ''los demandados'' exclusivamente, privilegios que no se aplican igualmente a otras personas en posición igual o similar a la de ellos, colocando a los demandados en mejor posición que los farmacéuticos de Puerto Rico debidamente autorizados a ejercer su profesión bajo la ley general de farmacia. Los siguientes señalamientos, el cuarto y el quinto, se refieren respectivamente a que la referida legislación priva de su propiedad sin el debido proceso de ley a los farmacéuticos de Puerto Rico admitidos a ejercer su profesión y que dicha legislación ·constituye ''una invasión y usurpación de parte de la legislatura de Puerto Rico de los

derechos, prerrogativas y poderes discrecionales de la Junta de Farmacia de Puerto Rico.''

Como en este caso los demandados radicaron excepciones previas de falta de hechos constitutivos de causa de acción que fueron desestimadas por la corte inferior, convencidos como estamos de que dichas excepciones no carecen de fundamento, procederemos a su estudio a la luz de la ley uniforme sobre sentencias y decretos declaratorios, y de los principios fundamentales del derecho constitucional. A los efectos de la discusión de las excepciones previas, debemos dar por sentado que el Colegio de Farmacéuticos de Puerto Rico es una corporación cuasipública que ostenta legalmente la representación de los farmacéuticos de Puerto Rico en este procedimiento, por constar así de las alegaciones de la demanda.

■■ La sección 2 de la Ley relativa a Sentencias y Decretos Declaratorios en lo pertinente dice:

"Toda persona *interesada* en una escritura . . . o cuyos derechos, estado u otras relaciones jurídicas fuesen afectados por un estatuto . . . podrá obtener la determinación de *cualquier divergencia* acerca de la interpretación o validez de dichos estatutos . . . y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven.'' (Bastardillas nuestras.)

La primera cuestión a resolver a los efectos de determinar si la demanda expone hechos constitutivos de causa de acción dentro de este procedimiento es la siguiente: ¿Aparece de la faz de la demanda que la demandante sea una parte *interesada* cuyos derechos puedan ser afectados por los estatutos cuya validez impugna?

La posición de la demandante, conforme resulta de la demanda, es que la legislación en controversia priva a sus miembros, los farmacéuticos de Puerto Rico, de la igual protección de las leyes, les priva de su propiedad sin el debido

proceso de ley, y por último que dicha legislación invade los derechos y privilegios de la Junta demandada.

Es un principio cardinal de derecho constitucional que ▮ las leyes se presumen válidas mientras los tribunales no declaren que son inconstitucionales. ▮ Está igualmente establecido que la constitucionalidad de una ley no puede ser impugnada a menos que el que la ataque demuestre que dicha ley le priva de derechos protegidos por la Constitución. A este efecto se ha dicho por el Tribunal Supremo de los Estados Unidos en *Plymouth Coal Co.* v. *Pennsylvania*, 232 U.S. 531, 544:

"Podemos repetir una vez más lo que tantas veces se ha dicho, que quien quiera impugnar un estatuto alegando que infringe la Constitución federal, debe demostrar que se halla comprendido en la clase con respecto a la cual la ley es inconstitucional, debiendo demostrar que la alegada infracción a la Constitución le perjudica y opera de tal forma que le priva de los derechos protegidos por la misma. (Citas.)"

Véanse además *Collins* v. *Texas*, 223 U.S. 288, y el más reciente de *Nebbia* v. *New York* (1934), 291 U.S. 502, 521, 78 L. ed. 940.

El mismo principio es claramente aplicable en lo que respecta a derechos protegidos por la Carta Orgánica. *Porto Rico Ry., Light & Power Co.* v. *Colom*, 106 F. (2) 345, 358.

▮▮ ¿Aparece acaso de la faz de la demanda que la legislación impugnada prive a la demandante o a sus miembros de su propiedad sin el debido proceso de ley o que le niegue la igual protección de las leyes? Indudablemente que no. Dichas leyes sólo tienen por objeto ordenar que previo examen debidamente aprobado "los demandados" sean autorizados a ejercer la farmacia en Puerto Rico. Los miembros todos de la corporación demandante ya lo han sido, y por consiguiente la legislación en controversia en nada puede afectar las licencias que les han sido concedidas. No se ha concedido a los miembros del Colegio de Farmacéu-

ticos de Puerto Rico ningún monopolio para el ejercicio de su profesión. El perjuicio que quizá pueda irrogárseles aumentando el número de farmacéuticos, como resultaría si los demandados fuesen en definitiva admitidos a ejercer la profesión, constituiría *damnum absque injuria,* y esa circunstancia no es suficiente para reconocerles derecho alguno a atacar la constitucionalidad de esa legislación. *Alabama Power Co.* v. *Ickes* (1938), 302 U.S. 464, 82 L. ed. 374; *Tennessee Electric Power Co.* v. *T.V.A.* (1939), 306 U.S. 118, 83 L. ed. 543.

La contención de la demandante al efecto de que la legislación en controversia constituye una invasión de los derechos y privilegios de la Junta de Farmacia es por demás absurda. La Junta de Farmacia es una creación de la Asamblea Legislativa. y siéndolo, no sólo puede esta última disminuir sus prerrogativas e invadir los poderes que le confirió, si que puede abolirla cuando lo creyese conveniente. Pero aparte de esto, la Junta de Farmacia no está alegando tal invasión de sus derechos y prerrogativas, y en la hipótesis de que pudiera hacer tal alegación, no podría la demandante arrogarse una representación que no le ha sido concedida.

. Por estos fundamentos, y sin necesidad de considerar, por estimarlo innecesario, si de los hechos correctamente alegados surge que exista una divergencia entre las partes con respecto a la validez de dicha·legislación, tenemos que llegar a la irresistible conclusión de que de la faz de la demanda implícitamente resulta que la demandante por sí y en la representación que ostenta, carece del interés necesario para que pueda acudir al remedio concedido por la Ley relativa a Sentencias y Decretos Declaratorios, y siendo ello así, erró la corte *a quo* al desestimar las excepciones previas. Si de la faz de la demanda no aparece, como hemos expuesto, que fué éste un caso en que pudiese recurrir la demandante al citado procedimiento, la corte a quo no ad-

818

qüirió jurisdicción dentro de esta ley especial para conocer del caso, y en su consecuencia debió abstenerse de entrar al fondo del mismo dictaminando sobre la validez de la legislación impugnada.

*Procede, por lo expuesto, modificar la sentencia apelada limitando sus pronunciamientos a declarar sin lugar la demanda, con costas a la demandante.*