GUILLERMO E. GONZÁLEZ; peticionario, *v.* JUAN E. SOLTERO, JULIO N. MATOS y ULPIANO E. COLOM, en su carácter de Jueces del Tribunal de Apelación de Contribuciones de Puerto Rico, querellados. EL MISMO v. LOS MISMOS. EL MISMO v. LOS MISMOS.

Núms. 1296, 1297, 1298.—*Sometidos:* Julio 6, 1942. *Resueltos:* Julio 31, 1942.

*Brown, González & Newsom* y *E. Córdova Díaz,* abogados del peticionario; *Hon. Procurador General George A. Malcolm, M. Rodríguez Ramos, Primer Procurador General Auxiliar* y *Eulogio Riera, Procurador Auxiliar,* abogados del Tesorero de Puerto Rico, interventor.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En los casos de autos el Tribunal de Apelación de Contribuciones de Puerto Rico dictó decisión el 30 de abril de 1942 declarándose sin jurisdicción y en su consecuencia "confirmando las deficiencias notificadas por el Tesorero de Puerto Rico", y dictó una orden el 1º de mayo de 1942 dirigida al Tesorero de Puerto Rico ordenándole "que imponga la contribución de conformidad con los términos de la referida decisión".

El 29 de mayo de 1942 Guillermo E. González radicó en esta Corte Suprema tres escritos de apelación contra la decisión dictada por el Tribunal de Apelación de Contribuciones en cada caso, y expedimos los autos de *certiorari* solicitados. El Tesorero de Puerto Rico radicó mociones solicitando la desestimación de estos recursos alegando que esta corte carece de jurisdicción, 1. porque la apelación mediante certiorari no es el remedio apropiado, y 2. porque el peticionario no ha pagado la contribución según lo requiere la sección 76(*a*) de la Ley de Contribuciones sobre Ingresos (Núm. 74 de 1925, pág. 401) según quedó enmendada por la Ley núm. 23 de 21 de noviembre de 1941 ((2) pág. 73). Celebrada la vista oímos a las partes y los casos quedaron sometidos.

■ La primera cuestión jurisdiccional levantada por el Tesorero ya ha sido resuelta en su contra por esta corte en el caso de *Mayagüez Sugar Company, Inc.* v. *Tribunal de Apelación de Contribuciones,* ante, pág. 753.

Pasemos a considerar el segundo motivo.

■■ El artículo 5 de la Ley creando el Tribunal de Apelación de Contribuciones (Ley núm. 172, aprobada en mayo

13 de 1941, pág. 1039), dispone que las decisiones de dicho tribunal serán finales pero ''la parte perjudicada podrá, dentro de los 30 días después de haberse rendido la decisión, apelar de la misma para ante el Tribunal Supremo mediante una solicitud de certiorari para revisar los procedimientos''.

La sección 57(*b*) de la Ley de Contribuciones sobre Ingresos, según quedó enmendada por la Ley núm. 23 aprobada el 21 de noviembre de 1941, dispone, en parte, lo siguiente:

''. . . Cuando habiéndose recurrido para ante el Tribunal de Apelación de Contribuciones de Puerto Rico en la forma dispuesta por esta Ley, dicho tribunal determinare que existe una deficiencia, *la cantidad determinada* por el Tribunal *será impuesta por el Tesorero* con intereses a razón del seis (6) por ciento anual desde la fecha prescrita para el pago del primer plazo de la contribución, y deberá ser totalmente satisfecha por el contribuyente a requerimiento del Tesorero.'' (Bastardillas nuestras.)

Y la sección 76(*a*) en lo pertinente dispone:

''Sección 76(*a*).—Cuando un contribuyente no estuviere conforme *con la deficiencia o parte de la deficiencia determinada por el Tribunal de Apelación de Contribuciones de Puerto Rico de acuerdo con la sección 57(b) de esta Ley,* estará, no obstante, obligado a pagarla totalmente, y si deseare apelar para ante la Corte Suprema de Puerto Rico en la forma dispuesta por ley, al efectuar el pago protestará la parte de la deficiencia con la cual no estuviere conforme y pedirá al colector o funcionario recaudador que consigne su protesta al dorso del recibo de pago, indicando específicamente la parte de la contribución que se paga bajo protesta, y tal recibo o copia certificada del mismo *deberán formar parte de su escrito de apelación para ante la Corte Suprema, requisito sin el cual no tendrá jurisdicción dicha corte.* . . .'' (Bastardillas nuestras.)

El peticionario en estos casos alega en sus peticiones que ''el Tesorero hasta esta fecha no ha impuesto contribución alguna ni ha cumplido con las disposiciones del Reglamento del Tribunal de Apelación de Contribuciones en cuanto a la forma de imponer dicha contribución, por cuyas razones el peticionario no ha podido ni puede pagar contribución alguna

bajo protesta, según lo requiere el artículo 76 de la Ley de Contribuciones sobre ingresos, según enmendado por la sección 9 de la Ley núm. 23, de noviembre 21, 1941.''

Como hemos dicho antes, del récord enviado por el tribunal recurrido, lo único que aparece es que en la decisión dictada el 30 de abril se confirmó la deficiencia impuesta por el Tesorero, y que el día 1°. de mayo se ordenó a dicho funcionario que impusiera la contribución.

Ahora bien, al Tribunal de Apelación de Contribuciones se le concedió por la sección 3 de la Ley núm. 172, supra, la facultad de promulgar reglas de procedimiento, y al final de dicha sección se dispone que: ''Después de presentada dicha querella los procedimientos subsiguientes incluso la práctica de la prueba que fuere necesaria para alcanzar una resolución, lo determinará el tribunal en sus reglas de procedimientos''. Al efecto, dicho tribunal aprobó el 27 de octubre de 1941 unas Reglas de Práctica y entre ellas las reglas 42 y 43, que expresamente disponen lo siguiente:

''Regla No. 42.—Decisiones. Terminada la práctica de la prueba y listo el caso para estudio por el Tribunal se tramitará el mismo hasta su decisión de conformidad con el reglamento interior del Tribunal. *Toda decisión constará de las siguientes partes:*

''(*a*) Opinión emitida por el ponente con la aprobación de los miembros concurrentes y la constancia de cualquier miembro disidente, ausente o inhibido;

''(*b*) Opinión disidente si la hubiere;

''(*c*) Orden del Presidente basada en la opinión del Tribunal que la acompaña de acuerdo con los apartados (*a*) y (*b*);

''.(*d*) *Cómputo de la contribución, deficiencia o responsabilidad que se archivará con la decisión* del caso de acuerdo con la Regla Núm. 43.

''Toda orden del Presidente envolviendo una decisión del tribunal será dirigida al Tesorero de Puerto Rico y notificada al apelante, en el sentido de que la contribución, deficiencia o responsabilidad sea. calculada, fijada e impuesta de .conformidad con la decisión del tribunal.'' (Bastardillas nuestras.)

''Regla 43.—Computación de la Contribución, Deficiencia o Responsabilidad.—Al decidirse cada caso por el Tribunal, la decisión

se registrará por el Secretario al notificar las partes. *El Tesorero de Puerto Rico computará la contribución haciendo la imposición de la deficiencia o responsabilidad de acuerdo con la decisión del Tribunal radicando en la Secretaría el original y seis copias de dicho cómputo o imposición, certificando que ha notificado dicho cómputo o imposición al apelante en la misma fecha.* El Secretario dejará pendiente de registrar dicho cómputo durante diez (10) días a contar de la fecha de dicho documento y si durante ese término el apelante no radicare oposición al cómputo o imposición, *el Secretario registrará dicho cómputo y lo archivará como parte de la decisión del Tribunal de acuerdo con la Regla Núm. 42.*

"Las partes podrán estipular el cómputo de la imposición de la contribución, deficiencia o responsabilidad de acuerdo con · la decisión del Tribunal *y en tal caso el Secretario podrá registrar en seguida dicho cómputo como parte de la decisión.* En el caso en que se radicare oposición al cómputo de la imposición de la contribución, deficiencia o responsabilidad por el Tesorero de Puerto Rico, el tribunal fijará una vista para oír a las partes y en tal caso el tribunal directamente computará la contribución, deficiencia o responsabilidad.

"En los casos en que se objete el cómputo del Tesorero de Puerto Rico, la moción de objeción contendrá, además del señalamiento de errores del Tesorero de Puerto Rico, una proposición de cómputo.

"En la determinación del cómputo, en su discusión si fuere necesario y la decisión del mismo no se podrán admitir ni considerar nuevos hechos ajenos a la controversia ya resuelta." (Bastardillas nuestras.)

De acuerdo con lo que el propio Tribunal de Apelación de Contribuciones ha determinado que constituye una decisión del referido tribunal, encontramos que en los casos de autos al momento de interponerse los presentes recursos la decisión de dicho tribunal estaba incompleta, ya que no se había cumplido con el apartado "(*d*)" de la Regla 42, y no contenía el cómputo de la contribución, deficiencia o responsabilidad que debía archivarse con la decisión del caso de acuerdo con la Regla 43. Nada hay en los autos enviados por el tribunal recurrido que demuestre que se ha cumplido con el trámite que se especifica en la Regla 43, supra, y siendo ello así, somos de opinión que las apelaciones en estos tres

casos han sido radicadas ante esta Corte Suprema prematuramente, toda vez que a la fecha de su interposición no existía aún una decisión final y completa del Tribunal de Apelación de Contribuciones que pudiera ser objeto de revisión por esta corte.

Al disponer la sección 57(*b*), supra, que si el Tribunal de Apelación de Contribuciones determinare que existe una deficiencia la cantidad determinada será impuesta por el Tesorero, claramente significa que en la decisión que dicte dicho tribunal debe incluirse expresamente el montante de la deficiencia para que así el contribuyente pueda saber cuál es la cantidad exacta que tiene que pagar bajo protesta de acuerdo con la sección 76(*a*), supra, para perfeccionar su apelación para ante esta Corte Suprema. Los treinta días que se conceden al contribuyente para apelar de la decisión del Tribunal de Apelación de Contribuciones por la sección 5 de la Ley núm. 172, supra, no pueden empezarse a contar hasta que exista una decisión completa y final y que contenga todo lo que la ley y las reglas del tribunal exigen. Que sólo puede apelarse de una decisión que tenga el carácter de final, lo dice el propio estatuto, sección 5, Ley núm. 172, supra.

*Somos de opinión que los recursos deben desestimarse por prematuros, sin perjuicio de que el peticionario los pueda presentar de nuevo, si desea, cuando se haya dictado decisión final por el tribunal recurrido.*