Casanovas & Cía., Sucrs., Inc., *v.* Hons. Juan Enrique Soltero, Julio N. Matos y Ulpiano E. Colom, en su carácter de miembros del Tribunal de Apelación de Contribuciones de Puerto Rico, demandados.

Núm. 1295.—*Sometido:* Junio 24, 1942. *Resuelto:* Noviembre 18, ·1942.

*Oscar Souffront,* abogado de la peticionaria; *Hon. Procurador General George A. Malcolm* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del Tesorero Insular, interventor.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El primero de noviembre de 1938 el Departamento de Hacienda notificó a la peticionaria ciertas deficiencias en su contribución sobre ingresos correspondiente a los años naturales de 1932, 1933 y 1934, montante dicha deficiencia en el primero de dichos años a $223.06, en el segundo a $275.89, y a $1240.31 en el tercero. Recurrió la contribuyente para ante la Junta de Revisión e Igualamiento y fundamentando su alzada en lo que a los años de 1932 y 1933 respecta, señaló como error el haber rechazado el Tesorero de Puerto Rico la deducción del sueldo de su presidente, ascendente a $2,400 anuales, y en haber rechazado para el año 1934 la deducción de igual cantidad por idéntico concepto, más $1,200 correspondientes al sueldo anual del secretario de la corporación, así como el crédito de $3,000 que autoriza la ley a favor de corporaciones y sociedades domésticas, más $350 de

depreciación de edificios. La vista del recurso se celebró en la Junta de Revisión e Igualamiento el 18 de febrero de 1941, pero habiendo sido abolida la junta antes de dictar su decisión, en cumplimiento de la Ley núm. 172 de 13 de mayo de 1941 ((1) pág. 1039), el expediente del caso fué remitido al Tribunal de Apelación de Contribuciones, el que, sin oír prueba de clase alguna y basándose en las constancias obrantes en el expediente de la junta abolida, el 28 de abril de 1942 dictó una decisión que fué registrada el primero de mayo de 1942, dejando en pie en todas sus partes la resolución del Tesorero.

No conforme con la decisión del Tribunal de Apelación de Contribuciones, el 28 de mayo de 1942 la contribuyente interpuso el presente recurso de *certiorari* en el que intervino el Tesorero de Puerto Rico. Posteriormente, o sea el 3 de junio último, el Tribunal de Apelación de Contribuciones enmendó la decisión recurrida, admitiendo la deducción del crédito de $3,000 que había rechazado el Tesorero, correspondiente al año 1934. Con tal motivo y habiéndose renunciado por el recurrente a la reclamación de $350 por razón de depreciación de edificios, la cuestión a resolver queda reducida a determinar si constituyó o no error el negarse la deducción del sueldo del presidente y del secretario durante los tres años en controversia.

El Tesorero, por su parte, presentó una moción solicitando que se anulase el auto de certiorari expedido, por carecer este tribunal de jurisdicción para conocer del mismo, (*a*) porque según él el procedimiento de "apelación por certiorari" seguido por la peticionaria no es el procedente; (*b*) porque aun cuando dicho procedimiento fuese procedente, el peticionario no habría cumplido con el requisito jurisdiccional de pagar la contribución determinada como correcta por el Tribunal de Apelación de Contribuciones antes de acudir a la Corte Suprema; y (*c*) porque aun cuando esta corte tuviese jurisdicción y el procedimiento seguido fuese el

procedente y se ajustase a los requisitos legales, la petición de certiorari no expondría hechos constitutivos de causa de acción, por cuanto a través de dicho remedio se trata de obtener la revisión de conclusiones de hecho a que llegara el tribunal recurrido, sin que aparezca que dicho tribunal haya cometido error alguno revisable por certiorari.

█ La cuestión suscitada en primer término por el Tesorero, o sea si el procedimiento para revisar la decisión del Tribunal de Apelación de Contribuciones es el de apelación por certiorari o si debe recurrirse a la apelación ordinaria que autoriza el Código de Enjuiciamiento Civil contra las sentencias de las cortes de distrito, ha sido ya resuelta por este Tribunal en contra del Tesorero en el caso de *Mayagüez Sugar Co.* v. *Tribunal de Apelación de Contribuciones de Puerto Rico,* 60 D.P.R. 753, y a lo dicho entonces nada tenemos que agregar ahora.

█ Consideremos la segunda cuestión suscitada por el Tesorero. La sección 57 de la Ley de Contribuciones sobre Ingresos, según quedó enmendada por la Ley núm. 23, aprobada el 21 de noviembre de 1941 ((2) pág. 73), en parte prescribe:

". . . Cuando habiéndose recurrido para ante el Tribunal de Apelación de Contribuciones de Puerto Rico en la forma dispuesta por esta Ley, dicho tribunal determinare que existe una deficiencia, la cantidad determinada por el Tribunal será impuesta por el Tesorero con intereses a razón del seis (6) por ciento anual desde la fecha prescrita para el pago del primer plazo de la contribución, y deberá ser totalmente satisfecha por el contribuyente a requerimiento del Tesorero." (Leyes 1941, Sesión extraordinaria, pág. 83.)

La sección 76, según fué enmendada por la misma Ley núm. 23, en lo pertinente dice:

"Sección 76.—(a) Cuando un contribuyente no estuviere conforme con la deficiencia o parte de la deficiencia determinada por el Tribunal de Apelación de Contribuciones de Puerto Rico de acuerdo con la sección 57 (b) de esta Ley, estará, no obstante, obligado a pagarla totalmente, y si deseare apelar para ante la Corte Suprema de

Puerto Rico en la forma dispuesta por ley, al efectuar el pago protestará la parte de la deficiencia con la cual no estuviere conforme y pedirá al colector o funcionario recaudador que consigne su protesta al dorso del recibo de pago, indicando específicamente la parte de la contribución que se paga bajo protesta, y tal recibo o copia certificada del mismo deberán formar parte de su escrito de apelación para ante la Corte Suprema, requisito sin el cual no tendrá jurisdicción dicha corte." (Id. pág. 89.)

En el presente caso, al radicarse la petición de certiorari en este Tribunal el 28 de mayo de 1942, el Tesorero de Puerto Rico no había procedido a imponer y cobrar la deficiencia por él determinada, de conformidad con lo prescrito en la sección 57, supra, y la Regla de Práctica núm. 43 del Tribunal de Apelación de Contribuciones. Por esa razón no había podido la peticionaria pagar la contribución. Lo hizo el 9 de junio siguiente, es decir, dentro de los diez días que le concedió el Tesorero al notificarle la imposición de la contribución. Una vez verificado el pago, la peticionaria, el 12 de junio, radicó en este Tribunal una "Alegación Complementaria" acompañada de los recibos de contribuciones, consignándose oficialmente en relación con cada uno de ellos la cantidad pagada bajo protesta. Enterados los abogados del Tesorero del motivo que impidió a la peticionaria acompañar los recibos de contribuciones a su petición de certiorari, en su alegato expresamente renunciaron a la cuestión jurisdiccional suscitada en la moción radicada para que se denegase el auto. Tratándose como se trata de una cuestión que de tener éxito impediría a esta corte conocer del caso, y habida cuenta de que el asentimiento de las partes no confiere jurisdicción sobre la materia, tenemos que prescindir de esa renuncia e independientemente de ella determinar si tenemos o no jurisdicción para conocer de este caso.

Como hemos visto, de conformidad con la sección 76 a en lo pertinente transcrita, el recibo del pago bajo protesta o una copia certificada del mismo deberá formar parte del escrito de apelación, es decir, de la petición de certiorari para ante

este tribunal, y *sin ese requisito esta corte no adquiere jurisdicción.* Siendo ello así, cuando el 28 de mayo último la peticionaria radicó el escrito de certiorari sin acompañarlo de los recibos, dicho escrito, por mandato expreso de la ley, no nos confirió jurisdicción para la expedición del auto de certiorari. Ese mismo defecto de jurisdicción subsistía cuando el 2 de junio último se notificó el auto al tribunal recurrido.

■■ Consideradas esas circunstancias, procede ahora determinar si la radicación de la "Alegación Complementaria" el 12 de junio y a la cual se acompañaron por primera vez los recibos del pago bajo protesta, produjo el efecto de conferirnos jurisdicción con efecto retroactivo al 29 de mayo, fecha en que se expidió el auto de certiorari. No tuvo tal efecto, porque una orden dictada sin jurisdicción es inexistente y lo inexistente no es susceptible de convalidación con efecto retroactivo. Siendo nula la citada orden de 29 de mayo último, todas las actuaciones posteriores que de ella emanan son necesariamente nulas, incluyendo, por supuesto, el acto de la vista de este recurso celebrada el 24 de junio último.

Ahora bien, como resolviéramos en el caso de *González* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 901, el término de treinta días para establecer el recurso de "apelación por certiorari" empieza a correr desde que el secretario de dicho tribunal registra y archiva el cómputo practicado por el Tesorero, luego de transcurridos diez días desde que este último certifica al tribunal haber notificado dicho cómputo e impuesto la contribución al apelante. Como el objeto de ese plazo de diez días es dar al contribuyente una oportunidad de demostrar al tribunal que el cómputo o liquidación hecho por el Tesorero es erróneo—si es que así lo creyere el contribuyente—, si éste paga la contribución antes de expirar dicho término, el pago equivale a aceptar la corrección del cómputo y en ese caso desde ese momento puede establecerse el recurso. En otras palabras, desde ese instante queda determinado el montante que de acuerdo con el tribunal recu-

rrido el contribuyente deberá pagar. La decisión se convirtió en final desde entonces, y siéndolo, como el escrito de apelación por certiorari ya se había radicado desde el 28 de mayo, el recurso quedó perfeccionado desde la radicación de los recibos el 12 de junio último, en cuya fecha no había expirado el término de treinta días que fija la ley para establecerlo.

Toda vez que la jurisdicción de este tribunal empezó el 12 de junio y no antes, procede declarar nulas todas las actuaciones anteriores a esa fecha y expedir de nuevo el auto de certiorari, pero habida cuenta de que ya se hallan en esta corte los autos del tribunal inferior, daremos los mismos por recibidos, debiendo señalarse la vista del caso para el día 18 de enero de 1943.

El Juez Asociado Sr. Travieso no intervino.