336

SUCRS. DE ESMORIS & CÍA., peticionario, *v*. TRIBUNAL DE APE-
LACIÓN DE CONTRIBUCIONES DE PUERTO RICO, ETC., deman-
dado.

Núm. 1401.—*Sometido:* Junio 23, 1943. *Resuelto:* Julio 8, 1943.

*J. J. Ortiz Alibrán,* abogado del peticionario; *Hon. Procurador General Interino M. Rodríguez Ramos,* y *M. Velázquez Flores, Procurador Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El presente es uno de dieciocho recursos de *certiorari* interpuestos por igual número de contribuyentes contra decisiones dictadas por el Tribunal de Apelación de Contribuciones en 29 de junio de 1942.

En todos y en cada uno de dichos casos (Números 1401, 1404, 1409, 1414, 1415, 1416, 1418, 1422, 1423, 1426, 1427, 1429, 1432, 1433, 1434, 1441, 1477 y 1478) el Procurador General de Puerto Rico ha solicitado la desestimación del recurso, alegando como fundamento que esta Corte Suprema carece de jurisdicción para conocer del mismo por haberse radicado la solicitud de certiorari fuera del término que concede la ley.

El estatuto creador del Tribunal de Apelación de Contribuciones, Ley núm. 172 de 13 de mayo de 1941 ((1) pág. 1039), en lo que es pertinente, dispone:

"Sección 5. . . Estas decisiones tendrán el carácter de finales; pero la parte perjudicada podrá dentro de los treinta (30) días *después de haberse rendido la decisión* apelar de la misma para ante el Tribunal Supremo de Puerto Rico, mediante una solicitud de *certiorari* para revisar los procedimientos." (Bastardillas nuestras.)

La decisión recurrida tiene fecha 29 de junio de 1942 y fué registrada por el secretario del tribunal y notificada al contribuyente el día 3 de julio de 1942. La solicitud de certiorari fué radicada en la Secretaría de esta Corte Suprema el día 30 de julio de 1942.

Arguye el Procurador General que el término de treinta días que para recurrir ante esta corte fija la sección 5, supra, debe computarse desde la fecha en que se firmó la decisión, o sea desde el 29 de junio de 1942, y que por tanto la solicitud radicada el 30 de julio de 1942 lo fué tardíamente. El recurrente sostiene en contrario que el término debe contarse desde la fecha en que el contribuyente fué notificado de la decisión del tribunal o por lo menos desde la fecha en que la decisión fué registrada por el secretario.

El término para apelar de una sentencia adversa no puede ni debe empezar a contarse desde una fecha incierta o de la cual no pueda presumirse que el apelante tuviera conocimiento. No sería justo imputarle al contribuyente apelante conocimiento de la fecha en que los miembros del tribunal firmaron la decisión, pues ése es un hecho del cual tienen conocimiento los firmantes de la decisión, pero no la parte perdidosa, que nada sabe ni puede saber de la decisión hasta que ésta le es notificada o hasta que la misma es anotada en un registro público.

La Regla 43 de las Reglas de Práctica aprobadas por el Tribunal de Apelación de Contribuciones en octubre 27 de 1941 requiere que "al decidirse cada caso por el tribunal, la decisión se registrará por el secretario al notificar las partes". Es evidente, pues, de acuerdo con la regla citada, que la sentencia no puede considerarse como rendida por el tribunal hasta que la misma haya sido registrada por el secre-

338

tario al notificar a las partes. Véanse: *González v. Tribunal de Apelación de Contribuciones*, 60 D.P.R. 901 y *Casanovas y Cía. v. Tribunal de Apelación de Contribuciones*, 61 D.P.R. 56, 61.

Por las razones expuestas, debemos resolver como resolvemos que los dieciocho recursos ya mencionados fueron interpuestos dentro del término legal y que no procede por tanto la desestimación solicitada.

Habiendo estipulado las partes que si no procediera la desestimación los dieciocho casos deben ser devueltos al Tribunal inferior, por envolver todos ellos la misma cuestión resuelta en el caso de *Ballester v. Tribunal de Apelación de Contribuciones*, 61 D.P.R. 474, se devolverán todos los casos al Tribunal de Apelación de Contribuciones para ulteriores procedimientos no inconsistentes con lo resuelto en el caso de *Ballester*.

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Snyder no intervinieron.