*Se anulará el auto expedido.*

José Suárez Martínez, demandante y apelante, *v.* Rexford Guy Tugwell y otros, demandados y apelados.

Núm. 9331.—*Sometido:* Noviembre 14, 1946. *Resuelto:* Abril 14, 1947.

---

*Edelmiro Martínez Rivera, Luis Blanco Lugo y F. Fornaris, Jr.,* abogados del apelante; *Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato) y *L. Venegas Cortés,* abogado especial del Procurador General, abogados todos de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 11 de diciembre de 1945 el demandante radicó una acción del contribuyente contra los miembros del Consejo Ejecutivo y la Junta de Directores de la Compañía Agrícola de Puerto Rico, alegando que la Compañía fué creada en virtud de la Ley número 31, Leyes de Puerto Rico, 1945 (pág. 75); que la sección 27 de la Ley núm. 31 asigna la suma de $10,100,000 de los fondos públicos de Puerto Rico a ser usa-

dos por la Compañía; que esta asignación es ilegal porque la Ley núm. 31 infringe varias disposiciones del Acta Orgánica; que la Compañía tiene en su poder $5,000,000 que se propone invertir bajo la autoridad conferídale por la Ley núm. 31; y que de permitirse a los demandados invertir estos fondos públicos de acuerdo con esta ley inconstitucional se ocasionarían graves e irreparables daños al demandante así como a todos los otros contribuyentes de Puerto Rico. El demandante solicitó se dictara un *injunction* dirigido a los demandados prohibiéndoles invertir los fondos en su posesión bajo la Ley núm. 31.

El 17 de enero de 1946, después de celebrarse una vista sobre una moción de injunction preliminar, la corte de distrito dictó una orden de entredicho prohibiéndole a los demandados que invirtieran los fondos en cuestión. El 28 de enero el demandante solicitó el nombramiento de un síndico. En febrero 1 la corte, diciendo que (*a*) las partes estaban de acuerdo y consentían en que se nombrara un síndico sin perjuicio de levantar los demandados cualquier cuestión en cuanto a la legalidad de estos procedimientos y que (*b*) las partes han sometido los nombres de distintas personas para ser nombradas síndicos, entre las que se encontraba Thomas A. Fennel, Administrador General de la Compañía, nombró síndico a Fennell para que actuara mientras estuviera en vigor la orden de entredicho.

El 18 de febrero la corte declaró con lugar la moción de injunction preliminar, y nombró a Federico López del Valle para que actuara como síndico hasta que se decidiera definitivamente el caso. El nuevo síndico nunca tomó posesión de su cargo ya que la fianza fijádale en la resolución de la corte nunca fué prestada. El mismo día los demandados solicitaron un juicio en los méritos. El 19 de febrero la corte de distrito señaló el caso para el 26 de febrero a las 9 a. m.

El 25 de febrero la corte de distrito, sin notificar ni oír a las partes, dictó sentencia, dejando sin efecto el injunction preliminar y el nombramiento de López del Valle como sín-

dico y archivando el caso, por el fundamento de que la Legislatura había aprobado el 25 de febrero las leyes números 1 y 2, Leyes de Puerto Rico, 1946 ((1) págs. 3 y 7), que privaban a la corte de cualquier jurisdicción ulterior sobre el caso excepto para dictar sentencia archivando y dejando sin efecto las resoluciones en el mismo dictadas. El demandante apeló para este Tribunal de la sentencia de la corte de distrito.

La Ley núm. 2 expresamente dispone en su artículo 2 que "La acción conocida en equidad como acción del contribuyente (*taxpayer's suit*) queda por la presente prohibida." Y el artículo 3 extiende esta prohibición a las acciones pendientes. Pero alega el demandante que la Ley núm. 2 es nula y que de cualquier modo no podía aplicarse al presente caso que se encontraba pendiente cuando se aprobó la ley.

En *Buscaglia, Tesorero,* v. *Corte,* 64 D.P.R. 11, esta Corte resolvió, con el voto disidente del infrascrito, que un contribuyente puede incoar un procedimiento para impedir el uso ilegal de fondos públicos por funcionarios públicos. De haber sido esa cuestión una federal o constitucional, este Tribunal se hubiera visto obligado a seguir el caso de *Massachusetts* v. *Mellon,* 262 U.S. 447, que resuelve que un contribuyente federal no tiene capacidad para incoar tal procedimiento contra funcionarios federales. Pero resolvimos a la pág. 21 que la cuestión era local y que estamos en libertad de establecer nuestra propia doctrina local contraria a la establecida en *Massachusetts* v. *Mellon.* Al confirmar nuestra sentencia, la Corte de Circuito dijo que "no tenemos dudas de que cae dentro de la autoridad del gobierno territorial, bien sea por *acto legislativo* o por decisión judicial autorizar una acción del contribuyente en equidad . . .". *Buscaglia* v. *District Court,* 145 F.2d 274, 284 (C.C.A. 1, 1944), *certiorari* denegado, 65 S.Ct. 434. (Bastardillas nuestras). Y si el remedio de una acción del contribuyente

puede ser creado por acto legislativo, de la misma manera puede ser abolido por acto legislativo.

■ Esta no es una jurisdicción de derecho común. Para que exista un remedio en Puerto Rico debe así disponerse por estatuto. *Pueblo* v. *Escambrón,* 63 D.P.R. 761. La opinión de la mayoría en el caso de *Buscaglia* resolvió en efecto que no era necesaria una disposición legislativa específica autorizando una acción del contribuyente, y que *en ausencia de legislación restrictiva contra tal acción,* nuestro estatuto general estableciendo el remedio de injunction autorizaba a un contribuyente a obtener un injunction contra funcionarios públicos que estuvieran ilegalmente invirtiendo fondos públicos. Véase *Crampton* v. *Zabriskie,* 101 U. S. 601, 609. Pero la Legislatura mediante la Ley núm. 2 ha actuado sobre una cuestión local; en dicha Ley se enmendó en efecto nuestro estatuto general de injunctions y se abolió la acción del contribuyente en Puerto Rico. El artículo 1 dice que las cortes insulares deben seguir la doctrina de *Massachusetts* v. *Mellon.* Y el artículo 3 dispone que ninguna corte insular "tendrá jurisdicción" sobre una acción del contribuyente.

■ No podemos convenir con el demandante en que la Ley núm. 2 es nula. Los casos son unánimes al resolver que cuando como en esta jurisdicción, 48 U.S.C.A., sec. 861, la Legislatura ha sido investida con el poder de determinar la jurisdicción de las cortes, puede legislar en relación con los remedios limitando o retirando la jurisdicción de las cortes para expedir injunctions en una clase específica de controversia, tales como las disputas obreras o como aquí las acciones de los contribuyentes. Y tal legislación restrictiva es válida aun al aplicarse a casos pendientes porque el remedio de injunction es un remedio en el cual no hay un derecho adquirido. *Smallwood* v. *Gallardo,* 275 U.S. 56, 62; *Gallardo* v. *Santini Co.,* 275 U.S. 62; *Fajardo Sugar Co. of P. R.* v. *Domenech, Tes.,* 45 D.P.R. 553; *Trainmen* v. *Toledo, P. & W. R. Co.,* 321 U.S. 50, 63–64; *Lockerty* v. *Phillips,* 319 U.S.

182; *Yakus* v. *U. S.*, 321 U.S. 414, 440–443, especialmente la nota 8; *Ponce* v. *Roman Catholic Church*, 210 U.S. 296; *Pueblo* v. *The Fajardo Sugar Co. of P. R.*, 50 D.P.R. 163, 179; *Drivers' Union* v. *Lake Valley Co.*, 311 U.S. 91, 101; *New Negro Alliance* v. *Grocery Co.*, 303 U.S. 552; *Levering & Garrigues Co.* v. *Morrin*, 71 F.2d 284, 287 C.C.A. 2, (1934); *Cinderella Theater Co.* v. *Sign Writers' Local Union*, 6 F. Supp. 164, 169 (Dist. Ct., Mich., 1934); *Dehan* v. *Hotel and Restaurant Employees, etc.*, 159 So. 637, 647 (La., 1935); *Ex Parte McCardle*, 7 Wall. 506.(¹)

En verdad, si bien al principio de su alegato el demandante alega que la Ley núm. 2 es nula, luego admite que no tiene derecho adquirido alguno en el remedio de injunction del cual la Legislatura no le puede privar. Argumenta sin embargo que "cuando el demandante radicó su demanda tenía una buena causa de acción contra los demandados para ser efectiva la cual no puede dejársele sin remedio judicial alguno." En apoyo de esta manifestación, cita los casos de *Honeyman* v. *Jacobs et al.*, 306 U.S. 539; *United States* v. *Standard Oil Co. of California et al.*, 21 F. Supp. 645 (Dist. Ct. Calif., 1937); *Ritholz et al.* v. *March et al.*, 105 F.2d 937 (C.C.A. D.C., 1939). Nada encontramos en estos casos que sostenga la contención del apelante. Pero suponiendo que ellos fueran de aplicación, el llamado derecho del demandante aquí no era un derecho privado que la Constitución y la Carta Orgánica le protegen. Sostuvimos en el caso de *Buscaglia* a la pág. 22, que una acción del contribuyente era de naturaleza pública y no privada. Tanto allí como aquí

---

(¹) Se queja el demandante de que la Ley núm. 2 deja a la comunidad sin remedio alguno ante los tribunales para proteger la erogación de fondos públicos. Pero "debe recordarse que las legislaturas son guardianes de las libertades y del bienestar del pueblo en tan alto grado como lo son los tribunales." El Juez Holmes, en *Missouri, Kansas & Texas Ry. Co.* v. *May*, 194 U.S. 267, 270. "Los tribunales no son la única rama del gobierno que se presume tenga capacidad para gobernar." El Juez Stone disintiendo en *United States* v. *Butler*, 297 U.S. 1, 87. Y si los funcionarios públicos se apartan del cumplimiento de su deber, existen en una democracia otras sanciones, incluyendo las urnas, más efectivas que la judicial.

el contribuyente instó su acción para vindicar el interés público. Véase IV Dillon, *Municipal Corporations* (5ta ed.) págs. 2784-5. Como cuestión de hecho, el propio demandante alega en su demanda que la radica a nombre propio como contribuyente y a nombre y en representación de todos los demás contribuyentes de Puerto Rico. Bajo dichas circunstancias, aun si supusiéramos, sin decidirlo, que cuando se aprobó la Ley núm. 2 existía un derecho adquirido en el caso pendiente, éste era un derecho que pertenecía al público, y no a ningún individuo en particular. En su consecuencia, cuando la Legislatura por la Ley núm. 2 privó a las cortes de jurisdicción para conocer de tales derechos públicos aun en casos pendientes, ello no menoscabó los específicos e individuales derechos privados del demandante que tanto la Constitución como la Carta Orgánica protegen.

Arguye además el demandante que la Legislatura no puede por fíat legislativo privarlo de un fallo judicial a su favor; a saber, las resoluciones de la corte inferior concediéndole un injunction preliminar y el nombramiento de un síndico. Pero no hemos encontrado caso alguno que resuelva que un litigante no puede ser privado de un ''fallo'' judicial a su favor que es meramente provisional y tiene por miras preservar el *statu quo* hasta que se decida definitivamente el caso. La teoría del demandante, hasta donde sabemos, es aplicable sólo a sentencias finales. Y en el presente caso no existía sentencia final a favor del demandante. De cualquier modo, la cuestión primordial aquí es que la Legislatura no privó al demandante del beneficio de las resoluciones concediéndole un injunction preliminar y el nombramiento de un síndico. Ambas expresan que únicamente continuarían en vigor hasta la resolución del caso. Y ellas efectivamente continuaron en vigor hasta la resolución final del caso. Esto es, cuando la corte inferior por primera vez dictó sentencia final en el caso principal pendiente porque carecía de jurisdicción después de la aprobación de la Ley núm. 2, el

injunction preliminar y la sindicatura fueron necesariamente terminados por la corte con motivo de la sentencia final a favor de los demandados.(²)

El apelante sostiene además que la corte inferior erró al dictar sentencia sin darle una oportunidad de ser oído en relación con la validez y aplicabilidad de la Ley núm. 2. La corte de distrito, según hemos visto, dictó sentencia desestimando el caso por falta de jurisdicción en febrero 25, horas después de la aprobación de la Ley núm. 2, sin notificar u oír a las partes, a pesar de que el caso estaba señalado para juicio a la mañana siguiente.

La corte inferior debió conceder al demandante la oportunidad para que tanto ante ella como ante este Tribunal, pudiera atacar la validez y aplicabilidad de la Ley núm. 2 al caso de autos. En verdad, si existía una cuestión sustancial en cuanto a la validez y aplicabilidad de la Ley núm. 2, la corte inferior habría tenido la facultad para conservar el statu quo a través de una orden de entredicho mientras resolvía la cuestión sustancial, aun cuando se resolviera en última instancia como en el presente que la Ley núm. 2 prohibía este pleito. *United States* v. *John L. Lewis et al.*, ___ U. S. ___, 91 L.ed. 595.

Aún más, en adición a atacar la validez y aplicabilidad de la Ley núm. 2, el demandado hubiera deseado levantar algunas cuestiones relacionadas con las fianzas prestadas o la sindicatura. O pudo haber expresado el deseo de cambiar su súplica de remedio y solictar una sentencia declaratoria en vez de un injunction. Véase art. 4, Ley núm. 2; *Núñez* v. *Benítez, Rector*, 65 D.P.R. 864; *Cook* v. *Fortson*, ___ U.S. ___, 91 L.ed. 65, 66, nota 6, opinión separada del Juez Rutledge. Pero cf. *Colegio de Farmacéuticos* v. *Junta de Far-*

---

(²)En vista de la prohibición absoluta de la sección 2 de la Ley núm. 2 contra las acciones del contribuyente, no creemos necesario examinar aquí la validez de la Ley núm. 1. De igual manera, este caso no envuelve una situación en que los derechos particulares de un individuo estén directamente afectados por las operaciones de la Compañía Agrícola.

*macia*, 60 D.P.R. 811; *Gobierno de la Capital* v. *Consejo Ejecutivo*, 63 D.P.R. 434. Ocurre que el demandante no ha hecho reclamación concreta alguna en relación con tales cuestiones ante nos y se ha circunscrito a atacar la validez y aplicabilidad de la Ley núm. 2. Por tanto no encontramos razón alguna para devolver el caso a la corte inferior para que resuelva estas cuestiones. Pero aun cuando el demandante haya deseado hacer valer éstas u otras cuestiones en la corte inferior, ésta lo privó de su oportunidad a hacerlo desestimando el caso sin oír a las partes.

Tratando de justificar esta acción de la corte de distrito, los demandados citan *Casanovas & Cía., Sucrs., Inc.* v. *Tribunal de Apelaciones*, 61 D.P.R. 56, y *Santana* v. *Salinas*, 54 D.P.R. 116. Pero en esos casos nadie fué privado de una oportunidad de ser oído. Las partes argumentaron sus casos y los sometieron a esta Corte. Luego, concluimos que no teníamos jurisdicción. En su consecuencia, era nuestro deber archivar los casos. Pero ellos escasamente constituyen autoridad para la proposición de que una corte, sin esperar a oír a las partes quienes pueden desear enmendar sus alegaciones o levantar cuestiones que no se le han ocurrido a la corte, deba revisar sus registros y archivar todos los casos sobre los cuales crea ella que no tiene jurisdicción.

Este caso fué uno de gran interés público. Los jueces no viven en un vacío. Sabemos lo que el resto de la comunidad sabe. Y sabemos de que el fin inmediato de la Ley núm. 2 fué quitarle el derecho al demandante para conseguir su remedio en este caso. Bajo tales circunstancias era de suma importancia que las cortes, una rama independiente del gobierno, le dieran al demandante toda oportunidad de demostrar, de poder hacerlo, que la Ley núm. 2 era nula o no se aplicaba a este caso, o hacer cualesquiera otras alegaciones. Este caso estaba señalado para vista en la mañana siguiente al día de la aprobación de la Ley núm. 2. Indudablemente que los demandados al comenzar la vista del caso

habrían solicitado el archivo del mismo en virtud de la aprobación de la Ley núm. 2. Y la corte hubiera podido entonces oír al demandante y decidir prontamente el asunto.

Estamos satisfechos ahora, después de oír a las partes y examinar el récord, el estatuto y los casos, que la corte inferior resolvió correctamente, al ordenar el archivo del caso en vista de las contenciones hechas por el demandante ante esta Corte. Pero la corte de distrito debió haber esperado hasta la mañana siguiente y debió haber oído a las partes en cuanto a la validez y aplicación de la Ley núm. 2. Recientemente pusimos de manifiesto la importancia de permitirle a las partes argumentar sus casos. Resolvimos que era un error que daba lugar a la revocación de un caso criminal visto ante tribunal de derecho, el que una corte de distrito se negara a permitirle al abogado del acusado informar su caso después de haberse sometido toda la prueba. *Pueblo* v. *Díaz Rivera,* ante, pág. 80. Nadie ha sugerido que este Tribunal debió decidir las importantes cuestiones presentadas por este caso sin oír a las partes. Otorgamos al demandante tal vista; no podemos ver por qué la corte inferior no pudo hacer lo mismo. Esperar hasta la mañana siguiente no podía en manera alguna perjudicar a los demandados: los bienes de la Compañía nunca salieron de manos de Fennell, su Administrador General, ya que el nuevo síndico nombrado para reemplazarle nunca tomó posesión de su cargo. Por otro lado, la celebración de una vista, no importa cuán breve fuera, se hubiera ajustado a la tradición de nuestras cortes de que una parte en un caso será oída antes de que se le dicte sentencia en contra.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. Marrero no intervino.